IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, | Case No.: **3:25-MJ-00320** |
| V. | |
| **STANLEY DONOVAN,** | |
| **HEATHER MORROW,** Defendant. | |

**DEFENDANT MORROW'S
RULE 41(G) MOTION TO RETURN VEHICLE KEY & RALLY ITEMS**

**NOW COMES**, Heather Morrow, Defendant, by and through Counsel, and MOVES, pursuant to Fed. R. Cr. P. 41(g) and the Fourth Amendment of the U.S. Constitution, that this Court ORDER the immediate RETURN of Defendant's personal property, that is, her vehicle key and rally items. In support of said Motion, Defendant shows as follows:

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

*Arrest, First Case & Missing Property*

1. On November 16, 2025, DHS agents arrested Defendant. DHS agents moved Defendant's vehicle with her key and then promptly transferred Defendant and her personal property to FBI agents.

2. On November 17, 2025, the U.S. obtained a Criminal Complaint against Defendant, giving rise to case 3:25-MJ-00305.

3. That same day, undersigned Counsel coordinated with FBI agents the release of Defendant's personal property to Counsel, on behalf of Defendant.

Page 1 of 7

Case 3:25-mj-00320-DCK   Document 21   Filed 01/07/26   Page 1 of 7

4. FBI agents informed Counsel that they did not have Defendant's vehicle key, so it would still be in possession of DHS agents. They confirmed that all personal property would be returned, except for Defendant's personal cellphone. FBI agents provided no explanation for this prolonged warrantless seizure of the cellphone. Nonetheless, the government eventually agreed to return the cellphone, and it was released on November 22, 2025.

5. On November 21, 2025, undersigned Counsel learned that, aside from the vehicle key, several rally items of Defendant were also missing.

6. Undersigned counsel inquired about the missing rally items to the FBI agents, and they reiterated that DHS agents had transferred no additional property to the FBI. Undersigned counsel requested the contact of someone at DHS who could find and return the vehicle key and rally items.

7. On November 24, 2025, the government took a dismissal of case 3:25-MJ-00305.

### *Current Case & Continuing Missing Property*

8. On November 24, 2025, the U.S. issued a Bill of Information against Defendant, giving rise to this case. This matter involves three (3) Petty Offenses and one (1) Class A Misdemeanor, 18 U.S.C. 111(a)(1), Simple Assault. The underlying facts and evidence in this matter are near-identical to those of dismissed case 3:25-MJ-00305.

9. On November 29, 2025, FBI agents provided undersigned Counsel with the contact of Mr. Steve Kemerling, ICE Assistant Field Office Director.

10. On December 4, 2025, Mr. Kemerling confirmed to Counsel that he "found a bullhorn, two bowls, a spoon, and what appears to be a shower ring," that is, the rally items. He had been unable to locate the vehicle key at that time.

11. After December 4, 2025, Mr. Kemerling provided no further information about the property in the government's possession nor when it would be returned.

12. The vehicle key and rally items are not contraband, unlawful, subject to forfeiture, nor of evidentiary value to this matter.

13. The vehicle key and rally items are Defendant's property.

14. There is no warrant or other criminal process for the vehicle or rally items.

15. Defendant is suffering continued prejudice due to her missing vehicle key.

16. The defense requires the rally items for its case and the items' absence would result in irreparable prejudice.

**ARGUMENT**

"A person aggrieved . . . by the deprivation of property may move for the property's return . . . . The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Cr. P. 41(g). "A defendant's Rule 41(g) motion 'may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *United States v. Rudisill*, 358 F. App'x 421, 422 (4th Cir. 2009) (unpublished) (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir.1991)). "Where the materials sought to be seized may be protected by the First Amendment, the requirements of the Fourth Amendment must be applied with scrupulous exactitude." *Zurcher v. Stanford Daily*, 436 U.S. 547, 564, 98 S. Ct. 1970, 1981, 56 L. Ed. 2D 525 (1978) (citations omitted).

There is no dispute that Defendant is the rightful owner of the vehicle key and the rally items. In addition, the vehicle key and rally items are not contraband or unlawful *per se*. *C.f.*, *United States v. Sanders*, 107 F.4th 223, 233 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1456, 221

Page 3 of 7

Case 3:25-mj-00320-DCK    Document 21    Filed 01/07/26    Page 3 of 7

L. Ed. 2D 569 (2025) (forfeiture of electronic devices used for child pornography clearly allowed by statute). Furthermore, the government has not sought a civil forfeiture process, and the grounds for such a process would be questionable. *See In re Matthews*, 395 F.3d 477, 480-81 (4th Cir. 2005) (holding that once the government dismissed its civil forfeiture process, the property should have been returned).

In terms of a need for the property as evidence, the vehicle key clearly has no relationship with the accusations. There is no indication that a vehicle or a key was connected with what is alleged to have happened. Defendant's vehicle was not impounded, but rather simply moved for later pickup. Yet the key to the vehicle remains in the government's possession.

Regarding the rally items as evidence, they also have no relationship with the government's accusations. There are no allegations that a bullhorn, two bowls, a spoon, and what appears to be a shower ring were used in the commission of the offenses. To the contrary, these items are essential for the defense, since they could facially establish First Amendment activity. *See In re Grand Jury Subpoena: Subpoena Duces Tecum*, 829 F.2d 1291, 1299–300 (4th Cir. 1987) ("When governmental searches trench on first amendment concerns, courts have been careful to scrutinize the searches much more closely . . . ."). Defendant should be entitled to the return of the rally items.

Finally, there is no warrant or other criminal process for the vehicle key or rally items. In effect, the U.S. continues to seize Ms. Morrow's property with no process or explanation. She should be returned her personal property immediately.

In sum, based on the government's account, the vehicle key and rally items are irrelevant to their case. Their continued seizure is infringing on Ms. Morrow's property, and potentially constitutional, rights. If the government posits the contrary, a disputed issue of fact exists, so this

Court should hold an evidentiary hearing. *United States v. Roca*, 676 F. App'x 194, 195 (4th Cir. 2017) (unpublished); *see also United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007) (if the government contest facts, court must "receive evidence to resolve factual disputes."), *United States v. Albinson*, 356 F.3d 278, 283 (3d Cir. 2004) (evidentiary hearing required if there is "any disputed issue of fact necessary to the resolution of the motion.").

## CONCLUSION

**WHEREFORE**, based on the foregoing, Defendant respectfully requests that this Court ORDER the immediate return of Defendant's vehicle key and rally items.

This, the 7th day of January, 2026.

/s/ Xavier Torres de Janon
Xavier T. de Janon
Attorney for Defendant
North Carolina Bar #58803
P.O. Box 470221
Charlotte, North Carolina 28247
Tel: (704) 448-9170
Email: xavier@peopleslaw.co

## CERTIFICATE OF CONFERENCE

Pursuant to LCrR 47.1(b), on December 18, 2025, undersigned Counsel CONFERRED with opposing counsel on this Motion. The government, through its agents, has been aware of Defendant's request for property since at least November 21, 2025.

As of December 22, 2025, opposing counsel has been determining the whereabouts of Defendant's property. On January 2, 2026, undersigned Counsel contacted opposing counsel again but received no response.

The government has not taken a position on this Motion. Further conferring should not be required given the potential disappearance or spoliation of evidence with the passing of time.

This, the 7th day of January, 2026.

/s/ Xavier Torres de Janon
Xavier T. de Janon
Attorney for Defendant
North Carolina Bar #58803
P.O. Box 470221
Charlotte, North Carolina 28247
Tel: (704) 448-9170
Email: xavier@peopleslaw.co

## CERTIFICATE OF SERVICE

I CERTIFY that I have served the foregoing RULE 41(G) MOTION TO RETURN VEHICLE KEY & RALLY ITEMS on Opposing Counsel and all parties and/or their Counsel, via ECF using the CM-ECF system, which will send notice of such filing to all registered CM/ECF users.

This, the 7th day of January, 2026.

/s/ Xavier Torres de Janon
Xavier T. de Janon
Attorney for Defendant
North Carolina Bar #58803
P.O. Box 470221
Charlotte, North Carolina 28247
Tel: (704) 448-9170
Email: xavier@peopleslaw.co