# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### Case No: 3:25-mj-00320-MEO-DCK

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

WILLIAM STANLEY and HEATHER MORROW,

      Defendants.

**MEMORANDUM IN SUPPORT OF JOINT MOTION IN LIMINE TO BAR LAY OPINION ON "FEDERAL PROPERTY"**

The Defendants were charged in a Bill of Information with "entering in and on Federal Property" and committing "disorderly conduct" in obstructing the "usual use" of a parking lot (Count One), "imped[ing] and disrupt[ing]" the performance of official duties (Count Two), and "fail[ing] to comply with lawful directions" (Count Three). The common element for each of these offenses is that they must occur after entry "on Federal property." "Federal property," is a legal issue that turns on whether property is owned or leased by the United States. Thus, the determination of whether property is "federal" property is defined by the ownership interest, if any, of the United States in the property where the offense is allegedly committed. Lay opinion testimony as to whether a particular place is or is not "Federal property" is irrelevant to whether, as a legal matter, that place is actually federal property. Thus, lay opinion testimony is irrelevant to this issue, would be misleading to the Jury, would be unfairly prejudicial, and would not assist the Jury in the determination of a matter at issue. Such testimony would violate Fed.R.Evid. Rules 401, 403, and 701 and must be excluded.

The evidence is undisputed that 6130 Tyvola Centre Drive is owned by a private Delaware limited liability company, DHS NC, LLC. The United States does not own the property. The United States does have a lease for a building that is on the property. However, that lease, by its own terms and definitions, extends only to the roughly 48,000 square feet of the building that is on the property, and not the roughly 350,000 square feet of the property itself. Because the United States has never owned this property, the extent of its "property interest" is defined by the lease that it executed with the owners of the property and under which it continues to utilize the building today. That lease confines the United States' property rights to 52,000 square feet of office space (roughly 48,000 usable square feet) in a building built to the Government's specifications. Other than providing for 29 secure parking spaces, the United States was given no right to exercise exclusive control over any other part of the property.

It is axiomatic that, in matters of leases and the extent of the rights of the United States, the Government is treated like any other party to a lease. That is, a lease is a contract and, nothing else appearing, that contract defines the rights and the obligations of the United States. *See 27-35 Jackson Ave LLC v. United States,* 127 4th 1314 (Fed. Cir. 2025) (interpreting discretionary provision in lease); *Stomness MPO, LLC v. United States,* 134 Fed. Cl. 219 (Fed. Ct. Cl. 2017) (interpreting various lease documents and provisions to define rights and obligations). Indeed, one of the purposes for the Court of Claims is to adjudicate the rights of landowners who enter into lease agreements with the United States. Thus, the Government has a property interest only to the extent that it was part of the lease agreement and no more.

Lay opinion on what is or is not subject to the lease at this property is fundamentally irrelevant. The lease signed by the Government defines the extent and limits of its property interests. A lay witness cannot make the Government's property interest greater than what is

2

contained in the lease, nor can a lay witness reduce that property interest.  And because the property interest and its contours are defined in the lease, lay opinion testimony is fundamentally irrelevant to the question of whether the conduct at issue took place on or off "Federal property."  Moreover, a lay witness is not qualified to offer such an opinion as it embraces legal matters, not simply matters of perception, and it will not assist the determination of a material fact in issue.  *See, e.g., United States v. Rankin,* 651 F. Supp.3d 523, 565 (D,Conn. 2023) (excluding lay witness testimony offered by Government about corporate ownership of funds).

Consequently, such testimony is improper under Fed.R.Evid. Rules 401, 403, and 701, and must be excluded.

This 29th day of July 2026.

*/s/ James P. Cooney III*
James P. Cooney III (NC Bar No. 12140)
Claire J. Rauscher (NC Bar No. 21500)
WOMBLE BOND DICKINSON (US) LLP
301 South College Street, Suite 3500
Charlotte, North Carolina 28202
Telephone:  (704) 331-4980
Telephone: (704) 331-4961
Email:  Jim.Cooney@wbd-us.com
Email: Claire.Rauscher@wbd-us.com
*Attorneys for Defendant William Stanley*

*/s/ Rob Heroy*
Rob Heroy (NC Bar No. 35339)
Goodman Carr, PLLC
301 S.McDowell St., Ste. 602
Charlotte, NC 28204
Telephone: (704) 372-2770
Email: Rheroy@goodmancarr.net

*/s/ Xavier T. de Janon*
Xavier T. de Janon (NC Bar No. 58803)
P.O. Box 470221
Charlotte, NC 28247
Telephone: (704) 448-9170
Email: xavier@peopleslaw.co
*Attorneys for Defendant Morrow*

# **ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION**

I hereby certify the following:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ James P. Cooney III*
James P. Cooney III (NC Bar No. 12140)

4