# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | |
| Plaintiff, | : | Case No.: **3:25-MJ-00320** |
| | : | |
| **V.** | : | |
| | : | |
| **WILLIAM STANLEY,** | : | |
| | : | |
| **HEATHER MORROW,** | : | |
| Defendants. | : | |
| | : | |

## MOTION TO DISMISS COUNT 4 FOR DUPLICITY & LACK OF SPECIFICITY AND ALTERNATIVE MOTION FOR BILL OF PARTICULARS

Defendant Heather Morrow, through undersigned Counsel, requests that this Court dismiss Count 4, pursuant to Fed. R. Crim. Pro. 12(b). Alternatively, Defendant requests an order for a bill of particulars, pursuant to Fed. R. Crim. Pro. 7(f).

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

1. On November 16, 2025, DHS agents arrested Defendant. DHS agents promptly transferred Defendant and her personal property to FBI agents.

2. On November 17, 2025, the Government obtained a criminal complaint against Defendant, giving rise to case 3:25-MJ-305, alleging a felony violation of 18 U.S.C. § 111(a)(1). The Defense provided the Government with video footage demonstrating that the allegations in the criminal complaint were based on false allegations made by at least 3 DHS deportation agents, including that Defendant grabbed Deportation Officer 1 by the shoulders while preparing to tackle him. On

November 24, 2025 the Government moved to dismiss that complaint without prejudice, and the Court granted the Government's motion that same day.

3. On November 24, 2025, the Government issued a bill of information against Defendant and codefendant William Stanley, giving rise to this case. [DE at 1].

4. The bill of information alleges four counts against Defendant. Count 4 involves a misdemeanor violation of 18 U.S.C. § 111(a)(1), "forcibly assault, resist, oppose, impede, intimidate, and interfere with . . . Enforcement and Removal Operations Deportation Officers."

5. The offense date and statute are the same for both Count 4 and the now-dismissed criminal complaint. However, unlike the criminal complaint, the bill of information lacks any detail.

6. The Government's new pleadings fail to put the Defense on notice of how she allegedly violated the law, whether it has disavowed its previous statements, and whether it intends to proceed under new facts.

**ARGUMENT**

**I.    Count 4 should be dismissed for duplicity, because it charges multiple offenses in the same count.**

Duplicity is "the joining in a single count of two or more distinct and separate offenses." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (citations omitted). This defect creates "the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." *United States v. Evans*, 165 F.4th 255, 272 (4th Cir. 2026). On a challenge to duplicity, "the proper remedy is to

dismiss the count or to require the United States to elect which offense it desires to pursue." *United States v. Jackson*, 926 F. Supp. 2d 691, 705 (E.D.N.C. 2013) (citing *United States v. Pleasant*, 125 F. Supp. 2d 173, 176 (E.D. Va. 2000)). Challenges to duplicity must be made before trial. Fed. R. Crim. Pro. 12(b)(3)(B)(i).

18 U.S.C. § 111(a)(1) applies to whoever "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" officers and employees of the United States. Under established canons of statutory construction, no word in a statute should be considered surplusage, but rather "all language in the statute should be given full effect." *Healthkeepers, Inc. v. Richmond Ambulance Auth.*, 642 F.3d 466, 471-72 (4th Cir. 2011). Therefore, through its express language, this subsection creates six different forms of criminal conduct that constitute separate federal offenses. Put differently, Congress intended to proscribe six separate "forcible" acts, because all words have different plain meanings and are explicitly separated by an "or."

Hence, Count 4 accuses Defendant of committing six separate offenses: "assault, resist, oppose, impede, intimidate, *and* interfere." (emphasis added). Such an accusation is clearly duplicitous, making the pleading defective and meriting dismissal of Count 4.

Furthermore, Count 4 accuses Defendant of committing the six separate offenses against numerous "Officers," with no clarity on how many alleged victims there are. In effect, this pleading imposes liability for an endless number of victims. Such an accusation is defective.

**II.    Count 4 should be dismissed for lack of specificity, because it fails to identify the specific charge, victim(s), force, and the implicated agency.**

A pleading "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002). (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). An information "must also contain a 'statement of the *essential facts* constituting the offense charged.' Fed. R. Crim. P. 7(c)(1)." *Id.* (emphasis in original). Dismissal is warranted if an accusation is defective for lack of specificity. *See United States v. Daniels*, 973 F.2d 272, 275-276 (4th Cir. 1992) (reversing conviction given insufficient, defective indictment), *United States v. Le*, 310 F. Supp. 2d 763, 772 (E.D. Va. 2004) ("[I]t is clear that an indictment that fails to allege each essential element of the offense is plainly insufficient and must be dismissed"). Challenges to specificity must made before trial. Fed. R. Crim. Pro. 12(b)(3)(B)(iii).

Count 4 fails to apprise Defendant what she must defend against, constituting a lack of specificity. This is because a prosecution and defense against an allegation of assaulting a federal office or employee will be dramatically different than one involving resisting, impeding, intimidating, or interfering with a federal officer or employee. In addition, the count is infinitely expansive on who the alleged victim(s) is (or are?). On this pleading, Defendant could be convicted for an offense involving an "Enforcement and Removal Operations Deportation Officer" who she did not even know existed.

Moreover, Count 4 does not describe the use of force that Defendant is alleged to have used. Unlike, for example, narcotics offenses that contain very specific definitions and conduct within the statutory language, 18 U.S.C. § 111(a)(1) is a broad offense that could apply to a countless number of acts of force. Defendant cannot know whether she will need to confront the allegations against her from the now-dismissed criminal complaint or something else altogether.

Finally, even though the offense does allege that an individual described in 18 U.S.C. § 1114 was implicated, it is entirely unclear what agency or department is being referred to under "Enforcement and Removal Operations Deportation Officer." Reviewing the frequently asked questions of Immigration and Customs Enforcement (ICE) careers,[1] aside from ICE, there are five additional agencies that could fall under that descriptor: ERO, HSI, M&A, OPLA, and CBP. Such specificity is key, because what "official duties" were allegedly being performed will vary significantly depending on the agency and role alleged.[2] "By way of analogy, if the Government in the case at bar had alleged a violation of [Md. Transp.] § 16-303(h) generally, the allegation would lack 'specificity' in that § 16-303(h) is further defined in four different sections of the Transportation Code in an effort to identify the wrongful conduct implicated." *United*

---

[1] U.S. Immigration and Customs Enforcement, *Career Frequently Asked Questions (FAQs)*, U.S. Department of Homeland Security (accessed on Jul. 15, 2026, at https://www.ice.gov/careers/faqs).

[2] From the same FAQ page, "ICE also hires intelligence officers, intelligence research assistants, intelligence research specialists, attorneys, mail and file clerks, legal assistants, management and program support specialists, auditors, financial specialist, contract management specialist, investigation assistants, enforcement removal assistants, information technology and cyber specialists and research specialists."

*States v. Kim*, 902 F. Supp. 2d 763, 767 (Md. 2012). Count 4 must be dismissed for lacking specificity.

**III.    Alternatively, this Court should require the Government file a bill of particulars.**

As thoroughly explained, Count 4 has fundamental defects that require this Court to dismiss it. Defendant does not know how many and what offenses she is facing.

However, should this Court deny this appropriate remedy, it should order that the Government file a bill of information "to fairly apprise the defendant of the charges against [her] so that [she] may adequately prepare a defense and avoid surprise at trial . . . ." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (citations omitted). Count 4 does not allow Defendant "to plead [her] acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 935 (4th Cir. 1973). A bill of particulars would be necessary to protect Defendant's rights.

**CONCLUSION**

**WHEREFORE**, based on the foregoing, Defendant respectfully requests that this Court dismiss Count 4. Alternatively, Defendant requests an order for a bill of particulars.

This, the 30th day of July, 2026.

/s/ Xavier Torres de Janon
Xavier T. de Janon
Attorney for Morrow
North Carolina Bar #58803
P.O. Box 470221
Charlotte, North Carolina 28247
Tel: (704) 448-9170
Email: xavier@peopleslaw.co

/s/ Rob Heroy
Rob Heroy
Attorney for Morrow
NC Bar: 35339
Goodman Carr, PLLC
301 S.McDowell St., Ste. 602
Charlotte, NC 28204
Rheroy@goodmancarr.net

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 47.1(b), conferring should not be required given that the Government, through Opposing Counsel, will oppose dismissal of Count 4.

This, the 30th day of July, 2026.

/s/ Xavier Torres de Janon
Xavier T. de Janon
Attorney for Morrow
North Carolina Bar #58803
P.O. Box 470221
Charlotte, North Carolina 28247
Tel: (704) 448-9170
Email: xavier@peopleslaw.co

**CERTIFICATE OF SERVICE**

I CERTIFY that I have served the foregoing MOTION TO DISMISS COUNT 4 FOR DUPLICITY & LACK OF SPECIFICITY AND ALTERNATIVE MOTION FOR BILL OF PARTICULARS were served on Opposing Counsel, via ECF using the CM-ECF system, which will send notice of such filing to all registered CM/ECF users.

This, the 30th day of July, 2026.

/s/ Xavier Torres de Janon
Xavier T. de Janon
Attorney for Morrow
North Carolina Bar #58803
P.O. Box 470221
Charlotte, North Carolina 28247
Tel: (704) 448-9170
Email: xavier@peopleslaw.co