|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No.: **3:25-MJ-00320** |
| | : | |
| **V.** | : | |
| | : | |
| **WILLIAM STANLEY,** | : | |
| | : | |
| **HEATHER MORROW,** | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT MORROW'S RESPONSE
## TO GOVERNMENT'S MOTION CONCERNING JURY NULLIFICATION

Deportation officers arrested Defendants at a public thoroughfare at a rally against the Administration's immigration policies and enforcement efforts in Charlotte. The Government is prosecuting these individuals based on that incident, in an investigation marred with unreliability. The Government seeks to improperly insulate the jury from these essential facts by portraying them as issues of "jury nullification." This Court must allow relevant evidence in and not invade the province of the jury.

### FACTUAL BACKGROUND

After Customs & Border Patrol announced "Operation Charlotte's Web," an immigration enforcement operation of the Federal Administration, a rally took place on Sunday November 16, 2025, at a public driveway next to the DHS Charlotte Office, located at 6130 Tyvola Centre Drive. People of conscience gathered to make expressive noise with items including a megaphone, a dog bowl, shower rings, pots, and signage. At

the rally, deportation officers arrested Morrow and Stanley and transferred their custody to the FBI. Stanley was released at a public park that same day, while Morrow was detained overnight in federal custody at the Gaston County Jail. On November 17, 2025, the Government charged Morrow by criminal complaint with a felony violation of 18 U.S.C. § 111(a)(1) for the November 16 incident, giving rise to case 3:25-MJ-305. The complaint contained false statements, and agents failed to preserve evidence.

The Government began a media campaign against Morrow. On November 18, 2025, before the complaint was unsealed, the Department of Justice widely disseminated a press release[1] with false accusations against her. The following day, the Department of Justice published the press release on its website.[2] At the same time, a flurry of emails provided in discovery gave escalating accounts of Morrow and Stanley's conduct.

After the Defense provided the Government with video that contradicted the contents of the complaint, and in spite of its ruckus, on November 24, 2025, the Government moved to dismiss the complaint. The Government then charged Morrow and Stanley by bill of information for the same November 16 incident, giving rise to this case. Count 4 alleges a misdemeanor violation of 18 U.S.C. § 111(a)(1).

## ARGUMENT

The Government overplays it hand, stretching case law on jury nullification to obstruct the introduction of relevant evidence. The Defense agrees with the settled

_____

[1] *Exhibit A,* November 18, 2025, Press Release.
[2] U.S. Attorney's Office, Western District of North Carolina, *Charlotte Woman Charged With Assaulting Federal Officer*, U.S. Department of Justice, Nov. 19, 2025 (accessed on Aug. 2, 2026, at https://www.justice.gov/usao-wdnc/pr/charlotte-woman-charged-assaulting-federal-officer).

principles on jury nullification advanced by the Government, but not with exclusion of relevant evidence and a gag order on discussing that evidence.

**I. The Court Should Allow Evidence on Selective or Vindictive Prosecution and Outrageous Government Conduct for Arguments to the Jury.**

The Court should defer ruling on these fact-dependent issues until the conclusion of the evidence, because the Defense should be allowed to present arguments to the jury on selective or vindictive prosecution and outrageous government if the evidence supports such instructions. The Government has provided no case law prohibiting the jury from reaching a conclusion on selective or vindictive prosecution. *United States v. Armstrong* determined whether a criminal defendant was allowed to engage in Rule 16 discovery based on a selective prosecution claim--the context of the Government's citation--not that the issue cannot be argued to the jury. 517 U.S. 456, 462-63 (1996). The sole Fourth Circuit case cited, *United States v. Edwards*, revolves around a request for a directed verdict, not whether the jury can assess the evidence to make a determination on the selective prosecution question. 188 F.3d 230, 237-38 (4th Cir. 1999). In agreement with the Defense, case law in other circuits confirms that post-trial arguments based on selective or vindictive prosecution are viable. *United States v. Falk*, 479 F.2d 616 (7th Cir. 1973) (reversing denial of selective prosecution post-trial motion based on the evidence establishing a *prima facie* claim), *United States v. Huber*, 404 F.3d 1047, 1054-55 (8th Cir. 2005) (explaining that Rule 29 selective-prosecution claim was allowed under former Rule 12(e)), *United States v. Ledee*, 967 F. Supp. 2d 516, 519-20 (P.R. 2013) (reviewing viability of selective prosecution jury instruction).

Likewise, the Government has provided no case law that restricts the jury from making fact-dependent conclusions regarding outrageous conduct. Yet "[c]ases may exist where the conduct of law enforcers is so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction, but they are rare indeed." *United States v. Daniel*, 3 F.3d 775, 779 (4th Cir. 1993) (citing *United States v. Russell*, 411 U.S. 423, 431-32 (1973)).[3] The Government misinterprets the sole Seventh Circuit case it cites in support of its proposition: *United States v. Young* held that *evidence* of someone else being released without charges was inadmissible under Rule 401, not that certain arguments to the jury should be excluded. 20 F.3d 758, 765 (7th Cir. 1994). Unlike *Young*, the federal agents' investigation, shortcomings, contradictions, and reliability have a tendency to make Defendant less (or more) guilty, and so can be admitted and argued upon. *See United States v. Workman*, 860 F.2d 140, 146 (4th Cir. 1988) ("Evidence has probative value if it tends to prove the issue in dispute."), *United States v. Dunford*, 148 F.3d 385, 396 (4th Cir. 1998) (affirming "the admission of contemporaneous evidence relevant both to the context and to the crime"), *United States v. Turner*, 198 F.3d 425, 429 n. 2 (4th Cir. 1999) ("The partiality of a witness is always relevant as discrediting the witness and affecting the weight of his testimony."), *Kyles v. Whitley*, 514 U.S. 419, 446-47 (1995) (acknowledging that lawyers often attack "the reliability of the investigation" as part of a proper defense.).

---

[3] Defendants have also filed a pretrial motion seeking sanctions, including dismissal, for the agents' failure to preserve material evidence and making false statements. [DE 55].

Finally, Rule 12(c) only imposes limitations where the motion can reasonably be determined absent a trial on the merits. The Notes of the Advisory Committee on the 2014 amendments explains this with full clarity:

> The types of claims subject to Rule 12(b)(3) generally will be available before trial and they can-and should-be resolved then. The Committee recognized, however, that in some cases, a party may not have access to the information needed to raise particular claims that fall within the general categories subject to Rule 12(b)(3) prior to trial. The "then reasonably available" language is intended to ensure that a claim a party could not have raised on time is not subject to the limitation on review imposed by Rule 12(c)(3).

Here, the Defense has raised outrageous government conduct pretrial based on the discovery, but, absent the opportunity to cross-examine witnesses, it cannot adequately address selective or vindictive prosecution. Thus, the Court should table any such ruling until the close of evidence.

## II. The Court Should Preclude Evidence and Argument Regarding Potential Consequences or Penalties.

The Government is correct on this issue. However, the same holds for the Government. It should not be permitted to argue that the offenses are petty offenses or suggest that penalties and consequences are minor.

## III. The Government's Immigration Policies and Enforcement Efforts Are Necessary for Morrow's Defense and Relevant to Her State of Mind.

Under the Fifth and Sixth Amendment, criminal defendants must have "a meaningful opportunity to present a complete defense." *United States v. Oliver*, 133 F.4th 329, 335 (4th Cir. 2025) (citations omitted). To present a complete defense, Morrow must be allowed to discuss the Administration's immigration policies and enforcement efforts

at that time, which provide an essential context to the demonstration that took place on November 16. *See NAACP, Inc. v. City of Myrtle Beach*, 503 F. Supp. 3d 390, 394 (S.C. 2020) ("Here, the 2005 Order is relevant to and probative of the historical background of the challenged decision in this case."). The Defense needs this background evidence "offered and admitted as an aid to understanding." F.R.E. 401 Advisory Committee's Note. Indeed, "[p]eople who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard." *United States v. Miller*, 61 F.4th 426, 432 (4th Cir. 2023) (citing *Old Chief v. United States*, 519 U.S. 172, 188 (1997)). Without this piece of the story, the jury will be left to guess why Defendants were at a public driveway with random items on a Sunday morning, with only the Government's narrative.

Moreover, not only is this information relevant for background, but it sheds light on the motive for Defendants' presence. *See United States v. Lentz*, 282 F. Supp. 2d 399, 434 (E.D.Va. 2002) ("[S]uch evidence is necessary in the sense that it is probative of the essential claims of Defendant's motive, state of mind, and lack of mistake."); *see also United States v. Boyd*, 2025 U.S. Dist. LEXIS 277060, *11-12, 2025 LX 680789, 2025 WL 4664208 (S.C. 2025) (unpublished) ("Relevance under Rule 401 is a liberal standard satisfied by any evidence that assists the jury in understanding the defendant's motive or state of mind."). In this case, the political context speaks to the Defendants' state of mind, which is highly relevant. *See United States v. Faulls*, 821 F.3d 502, 509 (4th Cir. 2016) ("The evidence was highly probative, as it demonstrated [the defendant's] domination

over [the victim], his motive for committing the offenses, and [the victim's] state of mind throughout the ordeal."), *United States v. Schnabel*, 939 F.2d 197, 202 (4th Cir. 1991) (in fraud case, evidence of motive indicates a likelihood of specific intent). Ultimately, this Court should allow this probative evidence, because, "to be admissible, evidence need only be worth consideration by the jury, or have a plus value." *United States v. Leftenant*, 341 F.3d 338, 34 (4th Cir. 2003) (citations omitted).

### IV. Rule 12 Does Not Preclude First Amendment Evidence, Which Is Relevant.

Just as with jury nullification arguments, the Government places the cart before the horse on Rule 12 in relation to the admissibility of relevant evidence. Although Rule 12 does require vindictive prosecution to be plead before trial, it does not require the Defense to raise freedom of speech at that time. If this were so, motions for acquittal based on the First Amendment *after* the Government's case would have no case law, nor would Rule 29 exist. *Watts v. United States*, 394 U.S. 705 (1969) (reversing denial of motion for acquittal based on the First Amendment), *United States v. Landham*, 251 F.3d 1072 (6th Cir. 2001) (reversing denial of motion for acquittal because statement was not a "true threat"), *United States v. Turner*, 960 F.2d 461 (5th Cir. 1992) (affirming denial of motion for acquittal because threatening letters were not protected political speech), *Lange v. United States*, 443 F.2d 720 (D.C. Cir. 1971) (reviewing denial of motion for acquittal based on First Amendment but avoiding constitutional issue by reversing on sufficiency of the evidence). The Government will apparently present evidence that Defendants were not "collectively organized and engaged in a lawful expression of their personal beliefs," and so the door must remain open for the Defense.

The Government's final claim that establishing any element of any offense charged would defeat the First Amendment is bizarre: if all the Government proves is that Defendant entered federal property, the First Amendment would still apply. The Government seems to ask this Court to invade the province of the jury by making factual determinations ahead of trial. This request must be denied.

This, the 5th day of August, 2026.

/s/ Xavier Torres de Janon
Xavier T. de Janon
Attorney for Morrow
North Carolina Bar #58803
P.O. Box 470221
Charlotte, North Carolina 28247
Tel: (704) 448-9170
Email: xavier@peopleslaw.co

/s/ Rob Heroy
Rob Heroy
Attorney for Morrow
NC Bar: 35339
Goodman Carr, PLLC
301 S.McDowell St., Ste. 602
Charlotte, NC 28204
Rheroy@goodmancarr.net

**CERTIFICATE OF SERVICE**

I CERTIFY that I have served the foregoing RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION CONCERNING JURY NULLIFICATION was served on Opposing Counsel, via ECF using the CM-ECF system, which will send notice of such filing to all registered CM/ECF users.

This, the 5th day of August, 2026.

/s/ Xavier Torres de Janon
Xavier T. de Janon
Attorney for Morrow
North Carolina Bar #58803
P.O. Box 470221
Charlotte, North Carolina 28247
Tel: (704) 448-9170
Email: xavier@peopleslaw.co