IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:25MJ320-MEO |
| | ) | |
| v. | ) | **RESPONSE TO DEFENDANTS'** |
| | ) | **JOINT MOTION *IN LIMINE*** |
| | ) | **TO BAR LAY OPINON ON "FEDERAL** |
| WILLIAM STANLEY and | ) | **PROPERTY"** |
| HEATHER MORROW | ) | |
| | ) | |

NOW COMES the United States of America, by and through Dallas Kaplan, First Assistant United States Attorney, Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515, and respectfully submits its response to Defendants William Stanley (Stanley) and Heather Morrow (Morrow)'s Joint Motion *in Limine* to Bar Lay Opinion on "Federal Property." Doc. 49 and 50.

The United States does not intend to offer lay opinion on "federal property" to establish that the Defendants entered federal property as charged in the Bill of Information. It intends to offer fact witnesses who will testify that 6130 Tyvola Centre Drive is under the authority of the General Services Administration, along with documentary evidence, among others. Testimony of this type has been offered in similar cases and is not lay opinion testimony. *United States v. Reardon*, 2026 WL 123302 *6 (W.D.La. Jan. 16, 2026) (testimony of the Deputy Marshal that the Courthouse is under the authority of the GSA "is sufficient to prove beyond a reasonable doubt that the incident took place on federal property…"; *United States v. Radin* 821 Fed.Appx. 53, 54 (2d Cir. 2020) (unpublished) ("The Government's witnesses testified that the Courthouse is under the control of the GSA and is federal property. In addition, the Government entered into evidence a picture of the sign advising visitors to the Courthouse that it is federal property. We conclude that the evidence presented by the Government was sufficient to establish that the Courthouse was

1

federal property within the meaning of the regulations."); *United States v. Pearl*, 2026 WL 1983607 *4-6 (D. Or. July 9, 2026).

After presentation of this evidence, the Court will instruct the jury on the definition of "federal property." The jury will then determine the facts from the evidence and apply the law to those facts in rendering their verdict. *United States v. Gaudin*, 515 U.S. 506, 514 (1995); *Johnson*, 71 F.3d at 142. *United States v. Ramirez-Castillo*, 748 F.3d 205, 213 (4th Cir. 2014); *United States v. Adamiak*, 2005 WL 2911117 *3 (4th Cir. 2025).

Because the United States does not intend to offer lay opinion testimony, the Defendants' motion to bar lay opinion should be denied.

RESPECTFULLY SUBMITTED this 5th day of August, 2026.

DALLAS KAPLAN
First Assistant United States Attorney
*Attorney for the United States, Acting Under*
*Authority Conferred by 28 U.S.C. § 515*

/s/ Kenneth Smith
KENNETH SMITH
Assistant United States Attorney
North Carolina Bar Number 17934
Kenny.Smith@usdoj.gov

/s/ Caryn Finley
CARYN FINLEY
Assistant United States Attorney
New York Bar Number 3953882
Caryn.Finley@usdoj.gov

United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
704-244-6222