IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:25MJ320-MEO |
| | ) | |
| v. | ) | **RESPONSE TO DEFENDANTS'** |
| | ) | **JOINT MOTION TO DISMISS** |
| | ) | **COUNTS ONE, TWO AND THREE** |
| WILLIAM STANLEY and | ) | **OF THE BILL OF INFORMATION** |
| HEATHER MORROW | ) | |
| | ) | |

NOW COMES the United States of America, by and through Dallas Kaplan, First Assistant United States Attorney, Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515, respectfully submits its response to Defendants William Stanley (Stanley) and Heather Morrow (Morrow)'s Joint Motion *in Limine* to Bar Lay Opinion on "Federal Property." Doc. 47 and 49. A Rule 12 motion to dismiss is not the proper mechanism for raising a factual defense and the Supreme Court, in *United States v. Gaudin*, 515 U.S. 506 (1995), has expressly rejected the Defendants' legal argument. In *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004), the Fourth Circuit determined, at the motion to dismiss stage, that the allegations in the indictment are treated as true and a defendant has the burden of showing that the charging document does not allege an offense. The Defendants' Motion raises a factual question that falls within the province of the jury, and therefore the Court should deny the Defendants' motion to dismiss.

**FACTUAL BACKGROUND**

Defendant Stanley and Defendant Morrow are charged with obstructing the use of entrances on federal property, in violation of 40 U.S.C. § 1315, 41 C.F.R. § 102-74.365, 41 C.F.R. § 102-74.390(b), 41 C.F.R. §102-74.450, and 18 U.S.C. § 2; impeding and disrupting the performance of official duties of government employees, in violation of 40 U.S.C. § 1315, 41

1

C.F.R. § 102-74.365, 41 C.F.R. § 102-74.390(c), 41 C.F.R. §102-74.450, and 18 U.S.C. § 2; failure to comply with lawful direction of authorized individuals, in violation of 40 U.S.C. § 1315, 41 C.F.R. § 102-74.365, 41 C.F.R. § 102-74.385, 41 C.F.R. §102-74.450, and 18 U.S.C. § 2; and assaulting, resisting, opposing, impeding, intimidating, and interfering with persons performing official duties, in violation of 18 U.S.C. §§ 111(a)(1) and 2. Doc. 1.

On the early morning of November 16, 2025, Defendant Morrow and Defendant Stanley gathered at the U.S. Immigration & Customs Enforcement (ICE)/Enforcement & Removal Operations (ERO) Office facility located at 6130 Tyvola Centre Drive, Charlotte, North Carolina (the Office). A blue Subaru Outback was parked in the vicinity of the exit lane to the property and blocked the flow of traffic leaving the Office. The Defendants and others were attempting to block the entrance lane to the Office with their physical bodies and cones that were spaced across the entrance lane.

ERO Deportation Officer (DO) 1 (DO1) arrived at the Office driving his government issued vehicle, a gray Dodge Ram truck with installed emergency equipment. He was dressed in civilian attire. As he pulled his vehicle into the Office, he was hindered from proceeding any further because of the cones and the Defendants blocking the entrance lane. DO1 activated his emergency lights and used his vehicle's installed public address (PA) system to advise the Defendants that they were impeding the flow of traffic and if they did not move, they would be arrested. DO1 gave this command several times to the Defendants but they failed to follow his commands and did not move.

ERO DO2 arrived at the Office behind DO1 in his government issued vehicle, a blue pickup truck. He also observed the Defendants blocking the entrance and exit lanes. DO2 exited his vehicle and heard DO1 giving commands to the Defendants through his PA system. DO2 was

2

wearing a law enforcement tactical vest with "ERO" in yellow letters in the center of the vest and an embroidered ICE badge affixed to the left shoulder of the vest. DO2 approached the Defendants, pulled out his oleoresin capsicum (OC) spray and warned them they would be sprayed and arrested if they did not leave the property.

ERO DO3 and ERO DO4 were riding together in DO3's government issued vehicle, a black Dodge Caravan, and arrived at the Office behind DO2. After observing DO2's interactions with the Defendants, DO3 and DO4 exited their vehicle. At this point, the Defendants had moved enough that DO1 was able to move his vehicle forward. As DO1 was driving slowly towards the side of the Office, Defendant Stanley walked to the front of his vehicle and placed his body in front of it, hindering it from moving any further. After DO1 stopped his vehicle, Defendant Stanley ran up to the driver's side door and hit the window with his fist. DO1 exited his vehicle and advised Defendant Stanley that he was under arrest. DO1 attempted to place Defendant Stanley in custody, however, Defendant Stanley resisted and pulled away from DO1.

DO3 observed DO1's struggle to place Defendant Stanley in custody because of the Defendant's resisting. As DO1 was struggling to place Defendant Stanley into custody, he felt someone grabbing his shoulders. DO2 and DO4 observed Defendant Morrow grabbing DO1's shoulders from behind. DO1 had his back to Defendant Morrow. DO4 believed that DO1 was armed and worried that Defendant Morrow may have been going for DO1's weapon. Fearing for DO1's safety, DO4 rushed to grab Defendant Morrow and take her into custody with the assistance of DO2. DO1 and DO3 were able to take Defendant Stanley into custody, despite his continued resistance.

On November 17, 2025, the government charged Morrow by Criminal Complaint with violations of 18 U.S.C. § 111(a)(1) (Felony Assault, Resist, and Impede a Federal Officer).

3

3:25MJ305, Doc. 3. Defendant Stanley was not charged in the Complaint. On November 24, 2025, the government moved to dismiss this Criminal Complaint *Id*. at Doc. 17. On the same day, November 24, 2025, Stanley and Morrow were charged by Bill of Information with violations of 40 U.S.C. § 1315, 41 C.F.R. § 102-74.365, 41 C.F.R. § 102-74.385, 41 C.F.R. § 102-74.390, 41 C.F.R. §102-74.450, and 18 U.S.C. § 111(a)(1) and 2. Doc. 1.

## STANDARD OF REVIEW

An indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he or she is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense. *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir.2011).

A party is entitled to raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Fed. R. Crim. P. 12(b)(1). The rule is designed to address and resolve issues of law that do not require the factual adjudication reserved for trial.

The criteria for granting a motion to dismiss an indictment under Rule 12(b)(1) depend on whether the challenge asserts a defect in the prosecution that is legal in nature. If the motion raises issues of law, such as the interpretation of a statute or its application to the alleged facts, the court may properly consider and rule on the motion without a trial. *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974) ("The propriety of granting a motion to dismiss an indictment under F. R. Crim. P. Rule 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact). However, if the motion involves questions of fact that are integral to the merits of the case, these are matters for the trial, and it is not within the court's purview at the motion to dismiss stage to make such determinations. *United States v. Terry*, 257 F.3d 366, 371 (4th Cir. 2001) (King, J., concurring) ("It is elementary

4

that a motion to dismiss an indictment implicates only the legal sufficiency of its allegations, not the proof offered by the Government."). The court's role in evaluating a Rule 12(b)(1) motion is to ensure the legal sufficiency of the indictment, not to weigh evidence or assess the validity of the prosecution's case on factual grounds. *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) ("[A] court may not dismiss an indictment… on a determination of facts that should have been developed at trial."). "To warrant dismissal of the indictment, [a defendant] would need to demonstrate that the allegations therein, even if true, would not state an offense." *Thomas*, 367 F.3d at 194 (4th Cir. 2004). It is the defendant's burden to show, assuming that the facts alleged in the charging document are true, that the indictment is nevertheless insufficient.

## ARGUMENT

I.      **The Bill of Information Sufficiently Informs the Defendant of the Essential Elements of the Charged Crimes and Fairly Informs the Defendants of the Alleged Conduct**

As argued in its response to the Motion to Dismiss Count 4 for Duplicity and incorporated herein, the Bill of Information is sufficient because it contains the elements of the offense charged and informs the Defendants of the crimes charged against them so that they may adequately prepare a defense and could plead the judgment as a bar to any subsequent prosecution for the same offense. *United States v. Church*, 11 F. App'x 264, 169 (4th Cir. 2001) citing *United States v. Debrow*, 346 U.S. 374 (1953). The allegations in the Bill of Information fulfill the elements of the charges, establishing the Bill of Information's sufficiency.

In the Motion, the Defendants are essentially arguing that their version of the facts about whether crimes occurred on Federal Property will prevail over the government's version of the same. Such factual disputes should be determined by a jury at trial, not by a dismissal motion. Their motion literally reads "Government will be unable to prove" the Defendants entered Federal

5

property; that is a factual dispute, not a legal one. Doc. 58 at p. 1. Discussion of facts beyond those in the Bill of Information is not suitable at the motion to dismiss stage, as this phase solely evaluated the charging document's adequacy in stating the charges, not the evidence's strength. *United States v. Russell*, 919 F.2d 795, 797 (1st Cir. 1990) (citing *United States v. Knox*, 396 U.S. 77, 83 & n.7, 90 S.Ct. 363, 367 & n.7, 24 L.Ed.2d 275 (1969) for the principle that "when a pretrial motion raises a question of fact that is intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial").

II. **Whether the Conduct Occurred on Federal Property is a Factual Question to be Determined by the Ultimate Trier of Fact**

The Defendants' Motion to Dismiss Counts One, Two, and Three can be boiled down to a request that the Court make a pre-trial determination of the sufficiency of the evidence of one of the elements of the offenses. The Defendants explicitly state:

> The ground for this Motion is that the Government will be unable to prove that Mr. Stanley or Ms. Morrow "enter[ed] into and on Federal property," a common element of all three counts. Instead, it will be undisputed that their alleged conduct took place on private property, owned by a Delaware limited liability corporation whose principal place of business is in New York. Absent proof that Mr. Stanley and Ms. Morrow's conduct occurred on Federal property, Counts One, Two, and Three of the Bill of Information must be dismissed.

Doc. 58 at p. 1. The determination of whether the Defendant's entered into and on Federal Property is a factual question. This requires a thorough understanding of the events and interactions of the alleged offenses, as well as an evaluation of the evidence concerning the property, the lease and its scope, and where on the property the conduct took place. A district court's role in pretrial proceedings does not extend to resolving factual disputes that are intrinsically tied to the core of the defense or the prosecution's case. *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010), cert. denied, 563 U.S. 1015 (2011). Instead, these matters are for the jury's consideration.

6

Case 3:25-mj-00320-MEO-DCK   Document 70   Filed 08/07/26   Page 6 of 10

"[M]ixed questions of law and fact" are resolved by the jury. *United States v. Gaudin*, 515 U.S. 506, 512 (1995) citing J. Thayer, Preliminary Treatise on Evidence at Common Law 194, 249-250 (1898). The Supreme Court has held, and the Fourth Circuit has reinforced, that "the jury's constitutional responsibility is not merely to determine the facts, but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence." *Gaudin*, 515 U.S. at 514; *Johnson*, 71 F.3d at 142; *United States v. Ramirez-Castillo*, 748 F.3d 205, 213 (4th Cir. 2014).

The Defendants are charged with three offenses under 41 C.F.R. §102-74, Subpart C, which regulates conduct on federal property. 41 C.F.R. § 102-74.390(b), 41 C.F.R. § 102-74.390(c), and 41 C.F.R. § 102-74.385. Title 41 was promulgated pursuant to 40 U.S.C. § 1315, which gives the Department of Homeland Security regulatory authority over "property owned or occupied by the Federal Government." 40 U.S.C. § 1315(c)(1). The GSA Conduct Rules do not define "federal property," however, the rule applies to "all persons entering in or on such property." 41 C.F.R. § 102-74.365; *United States v. Reardon*, 2026 WL 123302 *6 (W.D.La. Jan. 16, 2026); *United States v. Pearl*, 2026 WL 1983607 *4-5 (D. OR. July 9, 2026). "Federal property includes any building, land, or other real property owned, leased, or occupied by any department, agency, or instrumentality of the United States." 20 U.S.C. § 107e(3); *Reardon*, 2026 WL 123302 at *6.

The Defendants contend that they were not on "federal property." This factual contention cannot be addressed without going beyond the "four corners" of the indictment and would require the Court to undertake a full evaluation of the evidence in this case. *United States v. Harris*, No. 06-CR-124, 2006 WL 2882711, at *3 (D.D.C. Oct. 5, 2006) (stating the court at the motion to dismiss stage "cannot consider facts beyond the four corners of the indictment"; citing *United States v. Sampson*, 371 U.S. 75, 78-79, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962)).

At trial, the government has the burden at trial of proving that the Defendants' conduct took place on property that was owned, leased, or occupied by the federal government; it is an element of the offenses in Counts 1, 2, and 3. *Reardon*, 2026 WL 123302 at *6; *Pearl*, 2026 WL 1983607 at *4. While the Defendants may contend that they were not on federal property as detailed in the various arguments and exhibits in their motion and memorandum, their assertions are appropriately evaluated by the jury during the trial, not at the motion to dismiss stage. A motion to dismiss based on a defendant's argument that the evidence that might be presented at trial will be insufficient or that the Defendants' counter arguments raise reasonable doubt is improper. "A Rule 12(b) motion to dismiss is not the proper way to raise a factual defense." *United States v. Nukida*, 8 F.3d 665, 669–70 (9th Cir.1993).

This Court will instruct the jury on what the law applicable to the issue is – *i.e.* the definition of "federal property." It will be for the jury to "(1) determine[ing] the facts as to each element of the crime, and (2) apply[ing] the law as instructed by the judge to those facts." *United States v. Lindberg*, 39 F.4th 151, 160 (4th Cir. 2022) citing *United States v. Johnson*, 71 F.3d 139, 142 (4th Cir. 1995).

Therefore, the Defendants' Motion to Dismiss Counts 1, 2, and 3 should be denied because the question of whether the Defendants were entering in or on federal property is a factual issue that must be left to the province of the jury. At this point in the proceedings, the Court must deem the allegations in the Bill of Information as true, and by that standard the United States has stated legally sufficient charges in Counts 1, 2 and 3 in the Bill of Information. Attempting to resolve a clearly factual question at the motion to dismiss stage exceeds the scope of such a motion but also undermines the trier of fact.

RESPECTFULLY SUBMITTED this 7th day of August, 2026.

DALLAS KAPLAN
First Assistant United States Attorney
*Attorney for the United States, Acting Under*
*Authority Conferred by 28 U.S.C. § 515*

_____ /s/ Kenneth Smith _____
KENNETH SMITH
Assistant United States Attorney
North Carolina Bar Number 17934
Kenny.Smith@usdoj.gov

_____ /s/ Caryn Finley _____
CARYN FINLEY
Assistant United States Attorney
New York Bar Number 3953882
Caryn.Finley@usdoj.gov

United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
704-244-6222

9

10