# EXHIBIT 1

91 FR 2316-01, 2026 WL 129046(F.R.)
RULES and REGULATIONS
GENERAL SERVICES ADMINISTRATION
41 CFR Part 102-74
[FMR Case 2025-16; Docket No. GSA-FMR-2025-0016; Sequence No. 1]
RIN 3090-AL11

Federal Management Regulation; Conduct on Federal Property

Tuesday, January 20, 2026

AGENCY: Office of Government-wide Policy (OGP), General Services Administration (GSA).

 **\*2316**  ACTION: Final rule.

SUMMARY: The General Services Administration (GSA), in consultation with the Department of Homeland Security (DHS), is removing and reserving a subpart of the Federal Management Regulation (FMR) pertaining to conduct on Federal property. DHS recently published a final rule, effective November 5, 2025, establishing regulations for the protection of Federal property. GSA's final rule will remove GSA regulations that are duplicative of DHS's new regulation. This final rule supports the deregulatory requirements of Executive Order issued January 31, 2025, titled "Unleashing Prosperity Through Deregulation."
DATES: Effective date: January 20, 2026.

FOR FURTHER INFORMATION CONTACT: Alexander Kurien, Deputy Associate Administrator, Office of Government-wide Policy, at 202-208-7642 or alexander.kurien@gsa.gov, for clarification of content. For information pertaining to status or publication schedules, contact the Regulatory Secretariat Division at 202-501-4755 or GSARegSec@gsa.gov. Please cite FMR Case 2025-16.

SUPPLEMENTARY INFORMATION:

**I. Background**

This final rule amends the FMR to align with the Administration's priorities set forth in Executive Order (E.O.) 14192, Unleashing Prosperity Through Deregulation, dated January 31, 2025. As E.O. 14192 states, agencies must work to alleviate the burden on those impacted by regulations. Regulations rescinded in this rulemaking are duplicative of regulations specified by other agencies and/or are not required by statute, and are not necessary to carry out the Administrator's functions under Subtitle I of Title 40, United States Code. Their removal does not change either the underlying statute or any regulations maintained by other agencies. GSA has determined that reducing the number of redundant regulations will lead to less confusion, as there will be one source for the statutory or regulatory requirement.

The Homeland Security Act of 2002, Public Law 107-296, 116 Stat. 2135 (Nov. 25, 2002) (the Act), transferred the authority for law enforcement and related security functions for Federal properties from the GSA to the Secretary of DHS. In furtherance of the Act, and in consultation with the Administrator of GSA, DHS published the proposed rule for the protection of Federal property in the Federal Register (90 FR 4398) (January 15, 2025).

Prior to the proposed rule, DHS relied upon the regulations governing personal conduct on Federal property found in 41 CFR part 102-74 subpart C. The FMR is only applicable to property under the jurisdiction, custody, or control of GSA (not all property protected by the Federal Protective Service) and applies only when the conduct is committed on the property itself and not adjacent thereto. Accordingly, the FMR is not comprehensive of DHS authority under 40 U.S.C. 1315 to protect Federal

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

property falling within DHS's jurisdiction. Additional explanation about the changes between DHS regulation and the FMR can be found in the proposed rule at 90 FR 4398, 4401-4413.

DHS published the final rule promulgating regulations for the protection of Federal property (90 FR 24217) (June 9, 2025). That rule set January 1, 2026, as the effective date for those regulations. On November 5, 2025, DHS published another final rule changing the effective date for those regulations from January 1, 2026, to November 5, 2025 (90 FR 49247). DHS's regulation is codified at 6 CFR part 139.

## II. Discussion of Final Rule—Summary of Changes

GSA is removing the regulations that are duplicative of the DHS regulation or statute. A summary of the changes is as follows:

Part 102-74—Facility Management: Removed and reserved subpart C and removed Appendix to Part 102-74.

## III. Cost and Benefit Analysis

DHS completed a regulatory impact analysis as part of the published proposed rule (90 FR 4398). There is no cost associated with GSA deleting its regulations because DHS regulations are already in effect as of November 5, 2025 (90 FR 49247). The benefit of GSA deleting its regulations is to prevent confusion and allow DHS to be the single source of the regulatory requirement.

## IV. Administrative Procedure Act

This rulemaking is exempt from the advance notice-and-comment and delayed-effective-date requirements of the Administrative Procedure Act (APA) pursuant to 5 U.S.C. 553(a)(2), because this rulemaking relates to agency management or personnel or to public property, loans, grants, benefits, or contracts. This rulemaking relates to both GSA's agency management and public property because it applies to federally owned facilities under the jurisdiction, custody and control of GSA.

## V. Executive Orders 12866, 13563, and 14192

E.O. 12866 (Regulatory Planning and Review) directs agencies to assess all costs and benefits of available regulatory alternatives and, if regulation is necessary, to select regulatory approaches that maximize net benefits (including potential economic, environmental, public health and safety effects, distributive impacts, and equity). E.O. 13563 (Improving Regulation and Regulatory Review) emphasizes the importance of quantifying both costs and benefits, of reducing costs, of harmonizing rules, and of promoting flexibility. OMB's Office of Information and Regulatory Affairs (OIRA) has determined that this rule is a significant regulatory action and, therefore, it was reviewed under Section 6(b) of E.O. 12866. This action is considered an E.O. 14192 deregulatory action.

## VI. Congressional Review Act

Subtitle E of the Small Business Regulatory Enforcement Fairness Act of 1996 (codified at 5 U.S.C. 801-808), is also known as the Congressional Review Act (CRA). CRA generally provides that before a rule may take effect, unless excepted, the agency promulgating the rule must submit a rule report, which includes a copy of the rule, to each chamber of the Congress and to the Comptroller General of the United States. This action is excepted from CRA reporting requirements prescribed under 5 U.S.C. 801 as it relates to agency management or personnel and to GSA organization, procedure, or practice that does not substantially affect the rights or obligations of non-agency parties, 5 U.S.C. 804(3), and is therefore not a "rule" for purposes of the CRA. This deregulatory action also does not meet the definition of a rule at 5 U.S.C. 551(4). OIRA has further determined that this action does not meet the definition of a major rule under 5 U.S.C. 804(2).

**\*2317** **VII. Regulatory Flexibility Act**

Case 3:25-mj-00320-MEO-DCK   Document 59-1   Filed 03/32/26   Page 3 of 4

This final rule will not have a significant economic impact on a substantial number of small entities within the meaning of the Regulatory Flexibility Act, 5 U.S.C. 601, et seq. This final rule is also exempt from the APA pursuant to 5 U.S.C. 553(a)(2) because it applies to agency management or personnel or to public property, loans, grants, benefits, or contracts. Therefore, a Regulatory Flexibility Analysis was not performed.

### VIII. Paperwork Reduction Act

The Paperwork Reduction Act does not apply because the changes to the FMR do not impose recordkeeping or information collection requirements, or the collection of information from offerors, contractors, or members of the public that require the approval of OMB under 44 U.S.C. 3501, et seq.

### List of Subjects in 41 CFR Part 102-74

Blind, Concessions, Energy conservation, Federal buildings and facilities, Fire prevention, Government property management, Parking, Rates and fares.

Edward C. Forst,

Administrator of General Services.

For the reasons stated in the preamble, and under the authority of 40 U.S.C. 121(c), the General Services Administration amends 41 CFR part 102-74 as follows:

### PART 102-74—FACILITY MANAGEMENT

### Subpart C—[Removed and Reserved]

41 CFR § 102-74.365 • 41 CFR § 102-74.370 • 41 CFR § 102-74.375 • 41 CFR § 102-74.380 • 41 CFR § 102-74.385 • 41 CFR § 102-74.390 • 41 CFR § 102-74.395 • 41 CFR § 102-74.400 • 41 CFR § 102-74.405 • 41 CFR § 102-74.410 • 41 CFR § 102-74.415 • 41 CFR § 102-74.420 • 41 CFR § 102-74.425 • 41 CFR § 102-74.426 • 41 CFR § 102-74.430 • 41 CFR § 102-74.435 • 41 CFR § 102-74.440 • 41 CFR § 102-74.445 • 41 CFR § 102-74.450 • 41 CFR § 102-74.455

1. Remove and reserve subpart C, consisting of §§ 102-74.365 through 102-74.455.

 41 CFR Pt. 102-74, App. A

### Appendix to Part 102-74—Rules and Regulations Governing Conduct on Federal Property—[Removed]

41 CFR Pt. 102-74, App. A

2. Remove appendix A to part 102-74.

[FR Doc. 2026-00927 Filed 1-16-26; 8:45 am]

BILLING CODE P

**End of Document**	© 2026 Thomson Reuters. No claim to original U.S. Government Works.

Case 3:25-mj-00320-MEO-DCK   Document 59-1   Filed 03/32/26   Page 4 of 4