| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:26MJ320-MEO |
| | ) | |
| v. | ) | **PROPOSED *VOIR DIRE*** |
| | ) | |
| WILLIAM STANLEY | ) | |
| HEATHER MORROW | ) | |
| | ) | |

NOW COMES the United States of America, by and through Dallas Kaplan, First Assistant United States Attorney, Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515, and requests that the Court ask the following questions in its examination of prospective jurors, in addition to the Court's usual *voir dire*:

**Legal Profession**

1. Has any member of the jury panel ever gone to law school or taken any legal courses?

    a. If so, do you or did you ever practice law?

    b. What type of law do you or did you practice?

    c. Has any member of the panel ever worked as a paralegal or for a lawyer in any other capacity?

    d. If so, what was the nature of the work?

    e. What type of law did the attorney practice?

**Charged Offense**

2. The defendants are charged with committing four criminal violations: obstructing the use of entrances on federal property; impeding and disrupting performance of official duties of government employees; failure to comply with law direction of authorized individual; and

1

assaulting a federal officer, namely, assaulting, resisting, opposing, impeding, intimidating, and interfering with persons performing official duties. Is there anything about any of these charges in this case that make you reluctant to serve as a juror?

3.     Is there anyone who thinks that resisting, opposing, impeding, intimidating, and interfering with another person does not constitute an assault?  Obstruct?

4.     Have you or anyone close to you ever been a victim of an assault?  Please provide details about what happened.  (You may ask to approach the bench to answer this question if you prefer.)

5.     Do you have any feelings about laws relating to assault that would affect your ability to be an impartial juror?

**Experience with Law Enforcement/Government**

6.     Do you know anyone employed by the Department of Homeland Security, ICE, Customs and Border Patrol, or any other law enforcement agency?

7.     Do you have any strong feelings about the Department of Homeland Security, Customs and Border Patrol, ICE, any other law enforcement agency, or the federal government in general that would prevent you from fairly assessing the credibility of those witnesses?

8.     Have you, or any of your close friends or relatives, had any recent or notable experiences, positive or negative, involving the police or any other member of law enforcement, including the Department of Homeland Security, Customs and Border Patrol, ICE, or the federal government?

a.     If so, please describe the circumstances.

b.     Which law enforcement agency was involved?

c.     How did that make you feel?

2

d. Do you believe that law enforcement acted professionally and fairly?

e. Would you be able to put those feelings and experience aside, be they positive or negative, and render a verdict based on the evidence before you?

9. Have you, a relative, or close friend ever been convicted of a crime?[1]

10. Have you, a relative, or close friend ever been sentenced to or served time in jail or prison?

a. If so, what were the circumstances?

11. Have you, a relative, or close friend ever been arrested, even if the case never went to court?

a. If so, what were the circumstances?

b. How did the process make you feel?

c. Would you be able to put those feelings aside, be they positive or negative, and render a verdict based on the evidence before you?

12. Have you, a relative, or a close friend ever filed a lawsuit or complaint concerning the conduct of a law enforcement officer?

13. Have you, a relative, or close friend, ever been a victim of a crime?

a. If so, were you satisfied or dissatisfied with law enforcement's response and the judicial system?

b. Why or why not?

---

[1] If any potential juror answers a question related to prior criminal activity or being the victim or knowing the victim of a crime in the affirmative, the government respectfully requests – unless the juror consents to public questioning – that the Court question the potential juror regarding the circumstances in private or at the bench, so as to avoid embarrassment to the potential juror.

3

14. Some of the witnesses in this case may be law enforcement officers. Would any of you be more or less likely to believe the testimony of a law enforcement officer just because that witness was a law enforcement officer?

15. Do you have any feelings about the level of force a law enforcement officer may or should use while on duty?

   a. If a law enforcement officer used force to accomplish their duties, would that impact your ability to judge their credibility, evaluate evidence, or render a fair and impartial verdict in an assault on a law enforcement officer trial?

16. Do you have feelings regarding the criminal justice system generally that might affect your ability to consider the evidence in this case fairly and impartially and to base your verdict only on the evidence presented in this case?

17. Do you know of any reasons why you would be biased or prejudiced for or against the Government or the defense in this case?

### Experience with Immigration and Current Events

18. You may hear testimony regarding events focused on immigration enforcement that have occurred in Charlotte. Has anyone read or seen any media coverage – be it traditional media or social media – about these protests?

   a. If so, what have you read or seen?

   b. How did reading or seeing that make you feel?

   c. Would you be able to render a fair and impartial verdict in favor of either the government or the defendants based on what you have seen or read?

4

d.     Would you be able to evaluate the evidence and judge a witness's credibility – including law enforcement agents on duty during the protests – to render a fair and impartial verdict?

19.     Do you have any opinion, whether positive or negative, about law enforcement's response to immigration policy in the United States and/or in Los Angeles, Chicago, or Minnesota?

a.     Would that opinion impact your ability to judge the credibility of government or defense witnesses, evaluate the evidence, follow the Court's instructions, and/or render a fair and impartial verdict?

20.     Does anyone have strong feelings, positive or negative, about people engaging in public protest?

21.     Have you, a relative, or close friend ever attended a protest or demonstration?

22.     Do you believe protests should sometimes involve disruption to get a message across or express a viewpoint?

23.     Has anyone been involved in an organization or participated in a protest – be it an active or passive participant – designed to protest how immigration enforcement has been handled by the federal and/or local governments?

a.     If so, please describe what protests you have participated in and your role in the protests.

b.     Was law enforcement present during the protest/s? If so, how did that make you feel?

c.     Did you witness any encounters – be it peaceful, violent, or in-between, between protestors and law enforcement? If so, how did that make you feel?

5

i.      Do you have any thoughts about how law enforcement acted during encounters with protestors that would impact your ability to listen to witnesses – including law enforcement witnesses – and evaluate the evidence in this case?

ii.      Do you have any thoughts about how law enforcement acted during encounters with protestors that would impact your ability to render a fair and impartial verdict or follow the Court's instructions?

iii.      Do you have any thoughts about whether a person participating in a protest should be held accountable for their conduct if it violates the law?

**Attitude Towards the Criminal Justice System and Incarceration**

24.      The law requires that you base your verdict on the facts as you find them to be from the evidence. The law does not permit you to consider any emotion, such as sympathy, prejudice, vengeance, fear, or hostility. Will you be able to follow this instruction?

25.      The law requires that you do not consider punishment, prison time, or a possible sentence in your deliberations. Will you be able to follow this instruction?

26.      Do any of you have any strong feelings regarding law enforcement or the criminal justice system generally? If you responded "yes," please explain why. Would these feelings make it difficult for you to be a fair and impartial juror in this case?

27.      Do you have strong feelings about sitting in judgement of another person?  If you responded "yes," please explain why.  Would these feelings make it difficult for you to be a fair and impartial juror in this case?

**Ability to Sit as a Juror**

28.      Is there anything about the charges in this case that makes you unwilling or reluctant to serve as a juror?

6

29.     Is there anything that has not been discussed today that you feel would affect your ability to sit as a fair and impartial juror in this case?

30.     Do any of you have any difficulty with hearing, seeing, understanding the English language or have any medical problems or other issues that could impair your ability to devote your full attention to this trial?

31.     Do you have any feelings or beliefs toward the law or the criminal justice system in general that would make it difficult or impossible for you to be fair and impartial to both sides in the case?

32.     If you are selected as a juror in this case, you will be required to deliberate with eleven other jurors.  Is there anything that leads you to believe that you might be unable or unwilling to engage in such discussions with others?

33.     Would you refuse to follow the Court's instructions if you disagreed with those instructions or thought that other laws would be fairer?

Respectfully submitted this 14th day of August, 2026.

DALLAS KAPLAN
ATTORNEY FOR THE UNITED STATES
/s/ Kenneth Smith
Assistant United States Attorney
North Carolina Bar Number 17934
Kenny.Smith@usdoj.gov

/s/ Caryn Finley
Assistant United States Attorney
New York Bar Number 3953882
Caryn.Finley@usdoj.gov
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, North Carolina 28202

7