| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:26MJ320-MEO |
| | ) | |
| v. | ) | **PROPOSED JURY** |
| | ) | **INSTRUCTIONS, AGREED AND** |
| WILLIAM STANLEY | ) | **UNAGREED** |
| HEATHER MORROW | ) | |
| | ) | |

The United States and the Defendants submit the following proposed jury instructions.

All parties reserve their right to supplement and further object to these instructions based on the

Court's rulings, evidence, and testimony admitted at trial.  All parties further reserve all matters

that are the subject of pending Motions and the submission of instructions concerning a matter

that is subject to a pending Motion is not to be construed as a waiver.

Respectfully submitted this 14th day of August, 2026

DALLAS KAPLAN
ATTORNEY FOR THE UNITED STATES

*/s/* Kenneth Smith
Assistant United States Attorney
North Carolina Bar Number 17934
Kenny.Smith@usdoj.gov

*/s/* Caryn Finley
Assistant United States Attorney
New York Bar Number 3953882
Caryn.Finley@usdoj.gov
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, North Carolina 28202

FOR THE DEFENDANTS

*/s/ James P. Cooney III*
James P. Cooney III (NC Bar No. 12140)

Claire J. Rauscher (NC Bar No. 21500)
WOMBLE BOND DICKINSON (US) LLP
301 South College Street, Suite 3500
Charlotte, North Carolina 28202
Telephone:  (704) 331-4980
Telephone: (704) 331-4961
Email:  Jim.Cooney@wbd-us.com
Email: Claire.Rauscher@wbd-us.com
*Attorneys for Defendant William Stanley*

*/s/ Rob Heroy*
Rob Heroy (NC Bar No. 35339)
Goodman Carr, PLLC
301 S.McDowell St., Ste. 602
Charlotte, NC 28204
Telephone: (704) 372-2770
Email: Rheroy@goodmancarr.net

*/s/ Xavier T. de Janon*
Xavier T. de Janon (NC Bar No. 58803)
P.O. Box 470221
Charlotte, NC 28247
Telephone: (704) 448-9170
Email: xavier@peopleslaw.co
*Attorneys for Defendant Morrow*

<mark>**AGREED JURY INSTRUCTIONS**</mark>

## INSTRUCTION 1

**BILL OF INFORMATION BUT ACCUSATION**

This case involves charges brought against the defendants by Bill of Information.

You are instructed that a Bill of Information is but a formal method of accusing the defendant of a crime. Its purpose is to inform the defendants of the charges against them and bring them to trial.  It is not evidence of any kind against the defendants, nor does it permit any presumption or inference of guilt. In other words, a Bill of Information is not consistent either with guilt or lack of guilt. It simply puts that question at issue for your decision.

It is up to you, the jury, to decide whether the government has proved each element of the crimes alleged in the Bill of Information beyond a reasonable doubt.[1]

---

[1] Adapted from Court's standard instruction to reference Bill of Information instead of Bill of Indictment.

# INSTRUCTION 2

## COUNT ONE
## (OBSTRUCTING THE USE OF ENTRANCES ON FEDERAL PROPERTY)

Defendants WILLIAM STANLEY and HEATHER MORROW are charged in Count One of the Bill of Information as follows:

Count One charges that on or about November 16, 2025, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants, WILLIAM STANLEY and HEATHER MORROW, aiding and abetting one another, did willfully enter in and on Federal property, and exhibit disorderly conduct and other conduct that unreasonably obstructed the usual use of the building's entrances and parking lots, in violation of 40 U.S.C. § 1315, 41 C.F.R. § 102-74.365, 41 C.F.R. § 102-74.390(b), 41 C.F.R. § 102-74.450, and 18 U.S.C. § 2.

**INSTRUCTION 3**

**COUNT ONE – THE STATUTES[2]**

The defendants are charged in Count One under the following statutes and regulations. Each is set forth below.

**40 U.S.C. § 1315 – Protection of Federal Property**

Title 40, United States Code, Section 1315 empowers the Secretary of Homeland Security to protect buildings, grounds, and property that are owned, occupied, or secured by the Federal Government.  Section 1315 authorizes the promulgation of regulations governing conduct on Federal property and provides that such regulations shall be posted in a conspicuous place on the property.

**41 C.F.R. § 102-74.365 – Applicability**

Title 41, Code of Federal Regulations, Section 102-74.365 governs the applicability of the GSA Conduct Rules and reads, in pertinent part, as follows:

"The rules in this subpart apply to all property under the authority of GSA and to all persons entering in or on such property."

**41 C.F.R. § 102-74.390(b) – Disturbances**

Title 41, Code of Federal Regulations, Section 102-74.390(b) addresses disturbances on Federal property and reads, in pertinent part, as follows:

"All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct, or exhibiting other conduct on property that…(b)

---

[2] *40 U.S.C. § 1315; 41 C.F.R. §§ 102-74.365, 102-74.390(b), 102-74.450; 18 U.S.C. § 2.*

[u]nreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots."

## **18 U.S.C. § 2 – Aiding and Abetting**

Title 18, United States Code, Section 2 reads, in pertinent part, as follows:

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.  (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

**INSTRUCTION 4**

**COUNT ONE**
**40 U.S.C. § 1315 / 41 C.F.R. § 102-74.390(b)**
**The Essential Elements[3]**

In order to sustain its burden of proof for the crime of obstructing the use of entrances on federal property as charged in Count One of the Bill of Information, the government must prove the following essential elements beyond a reasonable doubt:

**One:** The defendants entered in and on federal property under the authority of the General Services Administration;

**Two:** The defendants loitered, exhibited disorderly conduct, or other conduct that unreasonably obstructed the usual use of the building's entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots;

**Three:** The defendants acted knowingly and willfully; and

**Four:** The defendants were on notice, either through conspicuous posting of the GSA Conduct Rules or through actual knowledge, that their conduct was prohibited.

I will now define certain terms used in these essential elements. You are to apply these definitions as you consider the evidence. If I do not define certain concepts or words, you will assign to them their ordinary, everyday meanings.

---

[3] *United States v. Reardon*, No. 6:25-CR-00227-01, 2026 WL 123302 (W.D. La. Jan. 16, 2026).

**INSTRUCTION 5**

**FEDERAL PROPERTY – DEFINED[4]**

Federal property means any building, land, or other real property owned, leased, or

occupied by any department, agency, or instrumentality of the United States.

---

[4] *41 C.F.R. § 102-74.365; United States v. Reardon*, No. 6:25-CR-00227-01, 2026 WL 123302 (W.D. La. Jan. 16, 2026).

**INSTRUCTION 6**

**KNOWINGLY and WILLULLY – DEFINED[5]**

The term "knowingly," as used in these instructions to describe the alleged state of mind of the Defendants, means that [*he*] [*she*] was conscious and aware of [*his*] [*her*] [*action*] [*omission*], realized what [*he*] [*she*] was doing or what was happening around [*him*] [*her*], and did not [*act*] [*fail to act*] because of ignorance, mistake, or accident.

The term "willfully," as used in these instructions to describe the alleged state of mind of Defendants *[name]*, means that *[he] [she]* knowingly *[performed an act] [failed to act]*, deliberately and intentionally *["on purpose"]*, as contrasted with accidentally, carelessly, or unintentionally.

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done. It is entirely up to you to decide what facts to find from the evidence received during this trial.

---

[5] 1A O'Malley et al., Fed. Jury Prac. & Instr. §§ 17.04, 17.05, 17.07 (6th ed.).; *United States v. Reardon*, No. 6:25-CR-00227-01, 2026 WL 123302 (W.D. La. Jan. 16, 2026); *United States v. Baldwin*, 745 F.3d 1027, 1032-33 (10th Cir. 2014); *United States v. Radin,* No. 16-CR-528 (RJS), 2018 U.S. Dist. LEXIS 44458 (S.D.N.Y. Mar. 18, 2018).

**INSTRUCTION 7**

**AIDING AND ABETTING – 18 U.S.C. § 2[6]**

Title 18, United States Code, Section 2 makes it a crime to aid and abet another person to commit a crime. The guilt of an accused in a criminal case may be established without proof that he or she personally did every act constituting the offense alleged. The law recognizes that ordinarily anything a person can do for himself or herself may also be accomplished by him or her through direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

**First:** That the crime charged was in fact committed by someone other than the defendant;

**Second:** That the defendant participated in the criminal venture as in something that he/she wished to bring about;

**Third:** That the defendant associated himself/herself with the criminal venture knowingly and voluntarily; and

**Fourth:** That the defendant sought by his/her actions to make the criminal venture succeed.

Simply put, aiding and abetting means to assist the perpetrator of the crime. One who aids, abets, counsels, commands, induces, or procures the commission of an act is as responsible for that act as if he/she committed it directly. To prove association, the government must show that the defendant shared in the criminal intent of the person(s) committing the crime. This requires

---

[6] Ruschky & Shealy, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, p. 6 (2024 Online Edition); *United States v. Chorman*, 910 F.2d 102 (4th Cir. 1990); *United States v. Moye*, 454 F.3d 39 (4th Cir. 2006); *United States v. Horton*, 921 F.2d 540 (4th Cir. 1990); *United States v. Moye*, 422 F.3d 207 (4th Cir. 2005).

evidence that the defendant was aware of the criminal intent of the perpetrator and the unlawful nature of the perpetrator's criminal acts.

Evidence that the defendant merely brought about the arrangement that made the criminal act possible does not alone support a conclusion that the defendant was aware of the criminal nature of the act.

The government is not required to prove that the defendant participated in every stage of an illegal venture, but the government is required to prove beyond a reasonable doubt that the defendant participated at some stage and that the participation was accompanied by knowledge of the result and intent to bring about that result.

It is not necessary that the person who was aided and assisted be tried and convicted of the offense.

If two persons act in concert with a common purpose or design to commit an unlawful act, then the act of one of them in furtherance of the unlawful act is in law considered the act of the other.

The mere presence of a defendant where a crime is being committed even coupled with knowledge by the defendant that a crime is being committed or the mere acquiescence by a defendant in the criminal conduct of others even with guilty knowledge is not sufficient to establish guilt. However, the jury may find knowledge and voluntary participation from evidence of presence when the presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present.

# INSTRUCTION 8

## COUNT TWO
### (IMPEDING AND DISRUPTING PERFORMANCE OF OFFICIAL DUTIES
### OF GOVERNMENT EMPLOYEES)

Defendants WILLIAM STANLEY and HEATHER MORROW are charged in Count Two of the Bill of Information as follows:

Count Two charges that on or about November 16, 2025, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants, WILLIAM STANLEY and HEATHER MORROW, aiding and abetting one another, did willfully enter in and on Federal property, and exhibit disorderly conduct and other conduct that impeded and disrupted the performance of official duties by Government employees, to wit, ERO Deportation Officers, in violation of 40 U.S.C. § 1315, 41 C.F.R. § 102-74.365, 41 C.F.R. § 102-74.390(c), 41 C.F.R. § 102-74.450, and 18 U.S.C. § 2.

**INSTRUCTION 9**

**COUNT TWO – THE STATUTES[7]**

The defendants are charged in Count Two under the following statutes and regulations. Each is set forth below.

**40 U.S.C. § 1315 – Protection of Federal Property**

Title 40, United States Code, Section 1315 empowers the Secretary of Homeland Security to protect buildings, grounds, and property that are owned, occupied, or secured by the Federal Government. Section 1315 authorizes the promulgation of regulations governing conduct on Federal property and provides that such regulations shall be posted in a conspicuous place on the property.

**41 C.F.R. § 102-74.365 – Applicability**

Title 41, Code of Federal Regulations, Section 102-74.365 governs the applicability of the GSA Conduct Rules and reads, in pertinent part, as follows:

"The rules in this subpart apply to all property under the authority of GSA and to all persons entering in or on such property."

**41 C.F.R. § 102-74.390(c) – Disturbances**

Title 41, Code of Federal Regulations, Section 102-74.390(c) addresses disturbances on Federal property and reads, in pertinent part, as follows:

"All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct, or exhibiting other conduct on property that…(c)

---

[7] 40 U.S.C. § 1315; 41 C.F.R. §§ 102-74.365, 102-74.390(c), 102-74.450; 18 U.S.C. § 2.

[o]otherwise impedes or disrupts the performance of official duties by Government employees."

## 18 U.S.C. § 2 – Aiding and Abetting

Title 18, United States Code, Section 2 reads, in pertinent part, as follows:

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.  (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

## INSTRUCTION 10

## OFFICIAL DUTIES – DEFINED[8]

"Official duties" means the lawful functions and responsibilities assigned to and carried out by Government employees acting within the scope of their governmental authority. In this case, the government employees identified in Count Two are ERO Deportation Officers of the Immigration and Customs Enforcement agency, whose official duties include enforcement and removal operations conducted pursuant to federal immigration law.

---

[8] *United States v. Moriello,* 980 F.3d 924, 933 (4th Cir. 2020).

## INSTRUCTION 11

## GOVERNMENT EMPLOYEE – DEFINED[9]

A "Government employee" is an officer or employee of the United States or any agency or department thereof. The term includes persons employed directly by the Federal Government who perform official duties on Federal property. The term encompasses career federal civil service employees of any department or agency of the United States.

ERO Deportation Officers of the Immigration and Customs Enforcement agency are government employees within the meaning of 41 C.F.R. § 102-74.390(c).

---

[9] *United States v. Moriello,* 980 F.3d 924, 933-34 (4th Cir. 2020).; 6 U.S.C. § 251.

**INSTRUCTION 12**

**COUNT THREE**
**(FAILURE TO COMPLY WITH LAWFUL DIRECTION OF AUTHORIZED**
**INDIVIDUAL)**

Defendants WILLIAM STANLEY and HEATHER MORROW are charged in Count Three of the Bill of Information as follows:

Count Three charges that on or about November 16, 2025, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants, WILLIAM STANLEY and HEATHER MORROW, aiding and abetting one another, did willfully enter in and on Federal property, and fail to comply with the lawful direction of one or more authorized individuals, to wit, ERO Deportation Officers, in violation of 40 U.S.C. § 1315, 41 C.F.R. § 102-74.365, 41 C.F.R. § 102-74.385, 41 C.F.R. § 102-74.450, and 18 U.S.C. § 2.

**INSTRUCTION 13**

**COUNT THREE – THE STATUTES[10]**

The defendants are charged in Count Three under the following statutes and regulations. Each is set forth below.

**40 U.S.C. § 1315 – Protection of Federal Property**

Title 40, United States Code, Section 1315 empowers the Secretary of Homeland Security to protect buildings, grounds, and property that are owned, occupied, or secured by the Federal Government.  Section 1315 authorizes the promulgation of regulations governing conduct on Federal property and provides that such regulations shall be posted in a conspicuous place on the property.

**41 C.F.R. § 102-74.365 – Applicability**

Title 41, Code of Federal Regulations, Section 102-74.365 governs the applicability of the GSA Conduct Rules and reads, in pertinent part, as follows:

"The rules in this subpart apply to all property under the authority of GSA and to all persons entering in or on such property."

**41 C.F.R. § 102-74.385 – Compliance with Directions**

Title 41, Code of Federal Regulations, Section 102-74.385 addresses compliance with directions on Federal property and reads, in pertinent part, as follows:

"Persons in and on property must at all times comply with official signs of a prohibitory, regulatory, or directory nature and with the lawful direction of Federal police officers or other authorized individuals."

---

[10] 40 U.S.C. § 1315; 41 C.F.R. §§ 102-74.365, 102-74.385, 102-74.450; 18 U.S.C. § 2.

## 18 U.S.C. § 2 – Aiding and Abetting

Title 18, United States Code, Section 2 reads, in pertinent part, as follows:

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

# INSTRUCTION 14

## COUNT THREE

## 40 U.S.C. § 1315 / 41 C.F.R. § 102-74.385
### The Essential Elements[11]

In order to sustain its burden of proof for the crime of failure to comply with the lawful direction of an authorized individual as charged in Count Three of the Bill of Information, the government must prove the following essential elements beyond a reasonable doubt:

**One:** The defendants entered in and on federal property under the authority of the General Services Administration;

**Two:** The defendants failed to comply with either (a) an official sign of a prohibitory, regulatory, or directory nature, or (b) the lawful direction of a Federal police officer or other authorized individual;

**Three:** The defendants acted knowingly and willfully; and

**Four**: The defendants were on notice, either through conspicuous posting of the GSA Conduct Rules or through actual knowledge, that their conduct was prohibited.

I will now define certain terms used in these essential elements. You are to apply these definitions as you consider the evidence. If I do not define certain concepts or words, you will assign to them their ordinary, everyday meanings.

The instructions regarding the definitions of "federal property," "knowingly and willfully," "notice," "knowingly and willfully," and "aiding and abetting" given in connection with Count One apply equally to Count Three. You should refer to those instructions in considering whether the government has proven Count Three.

---

[11] *United States v. Radin,* No. 16-CR-528 (RJS), 2018 U.S. Dist. LEXIS 44458 (S.D.N.Y. Mar. 18, 2018); *United States v. Moriello,* 980 F.3d 924, 933 (4th Cir. 2020).

<h1 style="text-align:center">INSTRUCTION 15</h1>

<h2 style="text-align:center">AUTHORIZED INDIVIDUAL – DEFINED[12]</h2>

The term "authorized individual" is not limited to Federal law enforcement personnel. An "authorized individual" is any person who has legal or formal authority to issue lawful directions on Federal property.

ERO Deportation Officers of the Immigration and Customs Enforcement agency have authority under federal immigration law to conduct enforcement and removal operations, and to direct the conduct of persons in connection with those operations, on Federal Property.

---

[12] *United States v. Moriello,* 980 F.3d 924, 930-31 (4th Cir. 2020) ("Immigration judges have the legal and formal authority to issue lawful directions during proceedings over which they preside . . . . PSOs also have the authority to issue lawful directions.").

## INSTRUCTION 16

### FALSE EXCULPATORY STATEMENTS[13]
### [Only if raised by the evidence]

Statements knowingly and voluntarily made by Defendant *[name]* upon being informed that a crime had been committed or upon being accused of a criminal charge may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show *[his]* *[her]* innocence and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish *[his]* *[her]* innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on *[his]* *[her]* part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons—fully consistent with innocence—that could cause a person to give a false statement showing that *[he]* *[she]* did not commit a crime. Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

---

[13] 1A O'Malley et al., Fed. Jury Prac. & Instr. § 14:06 (6th ed.)

[*Any testimony concerning a false exculpatory statement by Defendant [name] is in no way attributable to any other defendant on trial in this case and may not be considered by you in determining whether the government has proven the charge[s] against any other defendant beyond a reasonable doubt.*]

**INSTRUCTION 17**

**FAILURE OF THE GOVERNMENT TO PRESENT CERTAIN TYPES OF EVIDENCE**[14]
**[Only if raised by the evidence]**

During the trial, you have heard testimony of witnesses and arguments by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof, because you should look to all of the evidence--or lack of evidence--in deciding whether the defendant is guilty or not. However, you are also instructed that there is no legal requirement that the Government use any specific investigative technique to prove its case.

---

[14] *See United States v. Mason*, 954 F.2d 219, 222 (4th Cir. 1992).

## INSTRUCTION 18

## MOTIVE[15]

Intent and motive should never be confused. Motive is what prompts a person to act, or not to act. Intent refers to the state of mind with which an act is done or omitted. Personal advancement and financial gain are two well-recognized motives for much of human conduct. These motives may prompt one person to voluntary do acts of good, and another person to do voluntary acts of crime. Good motive alone is never a defense where the act done or omitted is a crime. So, the motive of the Defendant is immaterial, except insofar as evidence of motive may aid in the determination of state of mind or the intent of the Defendant.

---

[15] Ruschky & Shealy, *Pattern Jury Instructions for Federal Criminal Cases*, District of South Carolina, p. 629 (2024 Online Edition)

**INSTRUCTION 19**

**TESTIMONY BY LAW ENFORCEMENT OFFICERS**[16]

In considering the testimony of a witness who is an agent of the government, you may not give more weight to the testimony of an agent of the government than you give to the testimony of other witnesses for the mere reason that the witness is an agent of the government.

---

[16] *See United States v. N-Jie,* 2008 WL 1316, n.2 (4th Cir. May 9, 2008); Ruschky & Shealy, *Pattern Jury Instruction for Federal Cases District of South Carolina*, pp. 662 (2024 Online Edition).

The Government proposes the following instructions.  The Defendants object to them.

## UNREASONABLY OBSTRUCTS THE USUAL USE OF ENTRANCES – DEFINED[17]

The term "unreasonably obstructs the usual use of entrances" is not limited to physically preventing a person from walking through a door at the moment of the obstruction.  Conduct "obstructs the usual use of entrances" when it impedes, impairs, or interferes with the entrance system's security, safety, and symbolic functions, as well as the purely practical function of allowing visitors to come and go.

You need not find that any person was physically prevented from entering or exiting the entrances at the precise moment of obstruction.  It is sufficient if the defendants' conduct unreasonably interfered with the usual use of the entrances or parking lots as an integrated system serving those functions.

---

[17] <u>Defendants' Objection</u>.  This instruction is for Count One.  The Defendants have proffered an alternative instruction.  The Defendants further object to the second sentence of the first paragraph.  By including "symbolic" functions and "purely practical" functions the Government is using vague and ambiguous terms to expand the scope of federal property.  *Reardon* does not support such an instruction.

<u>Government's Supporting Citation</u>. *United States v. Reardon*, No. 6:25-CR-00227-01, 2026 WL 123302 (W.D. La. Jan. 16, 2026).

<h1 style="text-align:center">NOTICE – DEFINED[18]</h1>

The government must also establish that the Defendants were on notice that their conduct was prohibited.  This notice requirement may be satisfied in one of two ways:

**First:**  The GSA Conduct Rules were posted in a place reasonably calculated to impart their prohibitions - that is, conspicuously posted at or on the Federal property in question;

**OR**

**Second:** The defendants had actual knowledge that their conduct was prohibited, whether through prior verbal warnings, directives from law enforcement or security personnel, or other direct notice.

The government is not required to prove both methods of notice. Proof of either is sufficient.

---

[18] Defendants' Objection.  This instruction is for Count One.  The Defendants have proffered an alternative instruction.  The Defendants further object on the ground that none of the cases set forth by the Government support the concept of defining "actual notice" to include warnings or "other direct notice."  The Defendants believe that the same instruction for "actual notice" given under Counts One, Two, and Three should be used here without further definition to which all parties have agreed.

Government's Supporting Citation. *United States v. Reardon*, No. 6:25-CR-00227-01, 2026 WL 123302 (W.D. La. Jan. 16, 2026); *Unites States v. Strakoff*, 719 F.2d 1307 (5th Cir. 1983).

**COUNT TWO**

**40 U.S.C. § 1315 / 41 C.F.R. § 102-74.390(c)**

**The Essential Elements[19]**

In order to sustain its burden of proof for the crime of impeding and disrupting the performance of official duties of government employees as charged in Count Two of the Bill of Information, the government must prove the following essential elements beyond a reasonable doubt:

**One:** The defendants entered in and on federal property under the authority of the General Services Administration;

**Two:** The defendants exhibited loitering, disorderly conduct, or other conduct that impeded or disrupted the performance of official duties by Government employees;

**Three:** The defendants acted knowingly and willfully;

**Four:** The persons whose official duties were impeded or disrupted were Government employees; and

**Fifth:** The defendants were on notice, either through conspicuous posting of the GSA Conduct Rules or through actual knowledge, that their conduct was prohibited.

The government need not prove that the defendants' conduct entirely prevented the performance of official duties. Conduct causing even a relatively minor but sufficiently disruptive interference with the performance of official duties is sufficient to satisfy the second element.[20]

---

[19] <u>Government's Supporting Citation.</u> *United States v. Moriello*, 980 F.3d 924 (4th Cir. 2020); *United States v. Bichsel*, 395 F.3d 1053, 1056 (9th Cir. 2005).

[20] <u>Defendants' Objection.</u> The Defendants object to the second sentence of this instruction. The Government cites no case to support this instruction, and it introduces confusion by telling the Jury that "minor" disturbances are enough if "sufficient."

The instructions regarding the definitions of "federal property," "notice," "knowingly and willfully," and "aiding and abetting" given in connection with Count One apply equally to Count Two. You should refer to those instructions in considering whether the government has proven Count Two.

## IMPEDES OR DISRUPTS – DEFINED[21]

To "impede" means to obstruct, hinder, or interfere with someone's ability to carry out a task. To "disrupt" means to interrupt or throw into disorder the orderly continuation of an activity. The government does not need to prove that the defendants' conduct entirely prevented the performance of official duties. Conduct causing a relatively minor disturbance may be sufficient, so long as it was sufficiently disruptive to the performance of those duties.[22]

In determining whether the defendants' conduct was sufficiently disruptive, you may consider, among other things: whether Government employees were drawn away from their ordinary tasks to respond to or monitor the defendants' conduct; whether the defendants' conduct caused Government employees to suspend, interrupt, or modify the performance of their official duties; and whether the defendants' conduct created a disruption that was visible or otherwise apparent to Government employees engaged in their official duties.

---

[21] Government's Supporting Citation. *United States v. Moriello,* 980 F.3d 924, 933 (4th Cir. 2020); *United States v. Renfro,* 702 F. App'x 799, 808 (11th Cir. 2017); *United States v. Agront,* 773 F.3d 192, 199-200 (9th Cir. 2014).

[22] Defendants' Objection. The Defendants object to the third sentence of this paragraph for the reasons set forth above.

**LAWFUL DIRECTION – DEFINED**[23]

A "lawful direction" is a direction or command given by a Federal police officer or other authorized individual that falls within the scope of that person's lawful authority. A violation of a specific federal regulation is not a prerequisite for a direction to be lawful. It is sufficient that the direction was within the scope of the authorized individual's authority to maintain order and control conduct on Federal property. The government must prove that the defendants knowingly failed to comply with the lawful direction. This means that the defendants were aware that a direction had been given by an authorized individual, understood what was being directed of them, and deliberately chose not to comply.

A defendant's personal disagreement with a direction, or belief that the direction was unwarranted or unjustified, does not render that direction unlawful. If you find that the direction fell within the lawful authority of the authorized individual who gave it, and that the defendants knowingly refused to comply with it, the elements of this offense are satisfied.[24]

---

[23] Government's Supporting Citation. *United States v. Baldwin*, 745 F.3d 1027, 1032-33 (10th Cir. 2014); *United States v. Moriello*, 980 F.3d 924, 931-32 (4th Cir. 2020).

[24] Defendants' Objection. The last sentence which directs that a finding of lawful authority satisfies all the elements of the offense is wrong. The directions are still required to be on or in "federal property" and the individual must be lawfully authorized to give such directions on that property. This instruction would direct a verdict and eliminate other elements of the offense.

**COUNT FOUR**[25]

**(ASSAULTING, RESISTING, OPPOSING, IMPEDING, INTIMIDATING, AND INTERFERING WITH PERSONS PERFORMING OFFICIAL DUTIES)**

Defendants WILLIAM STANLEY and HEATHER MORROW are charged in Count Four of the Bill of Information as follows:

Count Four charges that on or about November 16, 2025, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants, WILLIAM STANLEY and HEATHER MORROW, aiding and abetting one another, did forcibly assault, resist, oppose, impede, intimidate, and interfere with federal officers or employees, as described in 18 U.S.C. § 1114, to wit, Enforcement and Removal Operations Deportation Officers, who were engaged in or on account of the performance of official duties, such acts constituting only simple assault, in violation of 18 U.S.C. § 111(a)(1) and 18 U.S.C. § 2.

---

[25] Defendants' Objection. This instruction is for Count Four.  The Defendants have proffered an alternative instruction and object to this Instruction in its entirety.  The Defendants incorporate their supporting citations in the alternate instruction as the basis of the Objection.

**COUNT FOUR – THE STATUTES**[26]

The defendants are charged in Count Four under the following statutes.  Each is set forth below.

**<u>18 U.S.C. § 111(a)(1) – Assault on Federal Officers or Employees</u>**

Title 18, United States Code, Section 111(a)(1) reads, in pertinent part, as follows:

"Whoever . . . forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . . shall, be guilty of an offense against the United States. . ."

**<u>18 U.S.C. § 2 – Aiding and Abetting</u>**

Title 18, United States Code, Section 2 reads, in pertinent part, as follows:

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.  (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

---

[26] <u>Defendants' Objection.</u> This instruction is for Count Four.  The Defendants have proffered an alternative instruction and object to this instruction in its entirety. The Defendants incorporate their supporting citations in the alternate instruction as the basis of the Objection.

**COUNT FOUR**

**18 U.S.C. § 111(a)(1)**
**The Essential Elements**[27]

In order to sustain its burden of proof for the crime of assaulting, resisting, opposing, impeding, intimidating, or interfering with persons performing official duties as charged in Count Four of the Bill of Information, the government must prove the following essential elements beyond a reasonable doubt:

**First,** the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a sworn agent of the Enforcement and Removal Directorate;

**Second**, that the defendants did the acts voluntarily and intentionally.

**Third**, that the person(s) the defendants assaulted, resisted, opposed, impeded, intimidated, or interfered with, was an officer or employee of the United States or of any agency in any branch of the United States Government; and

**Fourth**, that the officer or employee was engaged in, or on account of, the performance of his official duties when the defendants acted.

The instruction regarding "aiding and abetting" given in connection with Count One applies equally to Count Four. You should refer to that instruction in considering whether the government has proven Count Four.

---

[27] Defendants' Objection. This instruction is for Count Four. The Defendants have proffered an alternative instruction and object to this instruction in its entirety. The Defendants incorporate their supporting citations in the alternate instruction as the basis of the Objection.

 Government's Supporting Citation. Jury Instruction given in *United States v. Dunn*, 1:25-cr-252-CJN (D.D.C. October 2025); *United States v. Feola,* 420 U.S. 671, 684-86 (1975). *United States v. Long,* 199 F.2d 717, 719 (4th Cir. 1952), the Fourth Circuit held that the adverb "forcibly" modified each of the verbs that it precedes in § 111, not simply "assault." *See United States v. Briley*, 770 F.3d 267, 274 (4th Cir. 2014); *United States v. Johnson,* 126 F. 4th 1000, 1005 (4th Cir. 2025) ("We agree with Johnson that "forcibly" is an element of a § 111 offense and must be alleged . . . .").

**ASSAULT – DEFINED**[28]

The term "assault" means an intentional attempt or threat to inflict injury upon another person, coupled with an apparent present ability to do so, which places the other person in reasonable apprehension of imminent bodily harm. Actual physical contact is not required. The government need not prove that any physical injury resulted from the defendants' conduct.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[28] Defendants' Objection. This instruction is for Count Four. The Defendants have proffered an alternative instruction and object to this instruction in its entirety. The Defendants incorporate their supporting citations in the alternate instruction as the basis of the Objection.

Government's Supporting Citation. Jury Instruction given in *United States v. Dunn*, 1:25-cr-252-CJN (D.D.C. October 2025); *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976); *United States v. Chestaro*, 197 F.3d 600, 605 (2d Cir. 1999); *United States v. Gagnon*, 553 F.3d 1021, 1027 (6th Cir. 2009) (put another way, "simple assault" becomes a term of art that includes the forcible performance of any of the six proscribed action in § 111(a) without the intent to cause physical contact or to commit a serious felony.)

# FORCIBLY – DEFINED[29]

The word "forcibly" is an essential element of Count Four and modifies each of the verbs in the statute: assaults, resists, opposes, impedes, intimidates, and interferes. This means that each and every one of those acts must be done forcibly in order to constitute a violation of the statute. The term "forcibly" means by use of force. Physical force is sufficient, but actual physical contact is not required. The amount of force used need only be minimal.[30] A person also acts forcibly if he threatens or attempts to inflict bodily harm upon another, with the present ability to inflict bodily harm. Therefore, a threat to use force at some unspecified time in the future does not satisfy the forcibly element.

---

[29] Defendants' Objection. This instruction is for Count Four. The Defendants have proffered an alternative instruction. The Defendants object to this instruction in its entirety. The Defendants incorporate their supporting citations in the alternate instruction as the basis of the Objection.

Government's Supporting Citation. Proposed jury instruction in *United States v. Dunn*, 1:25-cr-252-CJN (D.D.C. October 2025) Doc. 43; *see also* 1A O'Malley et al., Fed. Jury Prac. & Instr. § 24:08 (6th ed.); *Long v. United States,* 199 F.2d 717, 718-19 (4th Cir. 1952); *United States v. Schrader*, 10 F.3d 1345, 1348 (8th Cir. 1993) (citing *United States v. Walker*, 835 F.2d 983, 987 (2d. Cir. 1987); *United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir. 1985); *United States v. Fernandez*, 837 F.2d 1031, 1034 (11th Cir. 1988); *United States v. Mathis*, 579 F.2d 415, 418 (7th Cir. 1978).

[30] Defendants' Objection. The Defendants further object to this sentence. 1A O'Malley, et al., Fed. Jury. Prac. & Instr. § 24:08 does not include this sentence in its instructions for "Forcibly assaults." There is no WL citation for the instruction in *United States v. Dunn*, and the Defendants have been unable to locate the instructions for that case. But the Defendants have proffered an instruction on this Count 4 that is based upon the Jury instructions given in several other cases which do not contain this sentence. This sentence is not contained in any pattern instructions presently in use.

**PERSONS DESIGNATED UNDER 18 U.S.C. § 1114 – DEFINED**[31]

Section 1114 of Title 18 provides that ERO Deportation Officers employed by Immigration and Customs Enforcement are officers or employees of the United States within the meaning of this statute as employees of the Department of Homeland Security.

The government is not required to prove that the defendants knew the persons they assaulted, resisted, opposed, impeded, intimidated, or interfered with were in fact, an officer or employee of the United States. It is sufficient that those persons were, in fact, federal officers or employees within the meaning of 18 U.S.C. § 1114 at the time of the defendants' conduct.[32]

---

[31] <u>Defendants' Objection.</u> This instruction is for Count Four. The Defendants have proffered an alternative instruction and objects to this instruction in its entirety. The Defendants incorporate their supporting citations in the alternate instruction as the basis of the Objection.

<u>Government's Supporting Citation</u>. 1A O'Malley et al.,Fed. Jury Prac. & Instr. § 24:09 and §24:11 (6th ed.); *United States v. Feola,* 420 U.S. 671, 684-86 (1975); *United States v. Wallace*, 368 F.2d 537 (4th Cir. 1966); *United States v. Oakie*, 12 F.3d 1436 (8th Cir. 1993) (Whether a person performing the functions delegated to the assault victim is a federal officer or employee within the meaning of Section 111 is a question of law for the court).

[32] <u>Defendants' Objection.</u> The second sentence of this instruction is not contained in 1A O'Malley, et al., Fed. Jury. Prac. & Instr. § 24:11.

**ENGAGED IN OR ON ACCOUNT OF OFFICIAL DUTIES – DEFINED[33]**

A federal officer is "engaged in" the performance of official duties when he or she is acting within the scope of their employment; that is, when the officer's actions fall within their agency's overall mission, as distinguished from engaging in a personal frolic of their own.  The question is not whether the officer was abiding by every law and regulation in effect at the time, nor whether the officer was performing a function specifically covered by their job description.[34]

---

[33] <u>Defendants' Objection.</u> This instruction is for Count Four.  The Defendants have proffered an alternative instruction and object to this instruction in its entirety.  The Defendants incorporate their supporting citations in the alternate instruction as the basis of the Objection.

<u>Government's Supporting Citation.</u> *United States v. Ornelas,* 906 F.3d 1138, 1149 (9th Cir. 2018).

[34] <u>Defendants' Objection</u>. This sentence has been altered from what was approved by the Ninth Circuit in *Ornelas.* The instruction approved in *Ornelas* read "the question was not 'whether the officer is abiding by laws and regulations in effect at the time of the incident' or 'whether the officer is performing a function covered by his job description.'"

**EVIDENCE OF GOOD CHARACTER AND REPUTATION[35]**
**[Only if raised by the evidence]**

The Defendant(s) has offered evidence of his/her good general reputation for honesty, integrity, and being a law-abiding citizen. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.[36]

---

[35] <u>Government's Supporting Citation.</u> 1A O'Malley et al., Fed. Jury Prac. & Instr. § 15:15 (6th ed.)

[36] <u>Defendants' Objection.</u> The Defendants have proffered an alternative instruction and object to this instruction in its entirety. The Defendants incorporate their supporting citations in the alternate instruction as the basis of the Objection.

**MULTIPLE COUNTS**[37]

A separate crime or offense is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately.

You must consider each count and the evidence relating to it separate and apart from every other count. You should return a separate verdict as to each count. Your verdict on any count should not control your verdict on any other count.[38]

---

[37] <u>Government's Supporting Citation.</u> Ruschky & Shealy, *Pattern Jury Instructions for Federal Criminal Cases,* District of South Carolina, p. 674 (2024 Online Edition).

[38] <u>Defendants' Objection.</u> The Defendants have proffered an alternative instruction and object to this instruction in its entirety. The Defendants incorporate their supporting citations in the alternate instruction as the basis of the Objection.

**MULTIPLE DEFENDANTS**[39]

It is your duty to give separate, personal consideration to the case of each individual defendant. When you do so, you should analyze what the evidence in the case shows with respect to that individual, leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants.[40]

---

[39] Government's Supporting Citation. Ruschky & Shealy, *Pattern Jury Instructions for Federal Criminal Cases,* District of South Carolina, p. 674 (2024 Online Edition).

[40] Defendants' Objection. The Defendants have proffered an alternative instruction and object to this instruction in its entirety. The Defendants incorporate their supporting citations in the alternate instruction as the basis of the Objection.

<mark>**DEFENDANT'S PROPOSED INSTRUCTIONS**</mark>

The Defendant proposes the following instructions. The Government objects to them.

## Count 4 Assaulting, resisting, or impeding certain officers or employees 18 U.S.C. § 111(a)(1)[41]

Count Four of the Bill of Information charges the Defendant [Mr. Stanely] [Ms. Morrow] with forcibly assaulting, resisting, impeding, opposing, intimidating, or interfering with an officer of the United States who was then engaged in the performance of his official duties, which is a violation of federal law.

I will explain the elements of the offense, along with its associated definitions.

**Elements.**

In order to find the Defendant [Mr. Stanely] [Ms. Morrow] guilty of forcibly assaulting, resisting, opposing, intimidating, or interfering with an officer of the United States who was then engaged in the performance of his official duties, you must find the following four elements beyond a reasonable doubt:

First, the Defendant [Mr. Stanely] [Ms. Morrow] assaulted, resisted, opposed, impeded, intimidated, or interfered with a sworn agent of the Enforcement and Removal Directorate.

Second, that the Defendant [Mr. Stanely] [Ms. Morrow] did such act or acts forcibly.[42]

---

[41] <u>Government's Objection</u>. The Government has proffered an alternative instruction and object to this instruction in its entirety. The supporting citations in its proffered instructions form the basis for its objections. This proposed instruction also consolidates all of the relevant Count 4 instructions into one instruction, therefore, the government incorporates its citations from all of its proposed Count 4 instructions.

[42] <u>Defendant's Supporting Citation</u>. In *United States v. Long,* 199 F.2d 717, 719 (4th Cir. 1952), the Fourth Circuit held that the adverb "forcibly" modified each of the verbs that it precedes in § 111, not simply "assault." *See United States v. Johnson,* 126 F. 4th 1000, 1005 (4th Cir. 2025) ("We agree with Johnson that "forcibly" is an element of a § 111 offense and must be alleged . . . ."). *See, e.g.,* Ruschky & Shealy, <u>Pattern Jury Instruction for Federal Cases District of South Carolina</u>, p. 26 n. 45 (2025 Online Edition) ("the verb forcibly modifies each of the verbs it precedes, not only assault.") (citing *Long*). Courts are split as to whether "forcibly" should be broken out as a separate element or instead, in its definition, explain that "forcibly" applies to all of the actions alleged. *See, e.g.,* O'Mally, Grenig, and Lee, <u>Federal Practice and Jury Instructions Criminal Companion Handbook</u> (June 2026 Update) citing at p. 13 instructions in *United States v. Jankowski,* 2023 WL 4087589 (U.S. Dist. Ct., District of

Third, that the Defendant [Mr. Stanely] [Ms. Morrow] did such acts voluntarily and intentionally.

Fourth, that the officer from the Enforcement and Removal Directorate was an officer of the United States who was then engaged in the performance of his official duties.

**Definitions.**

The Defendant [Mr. Stanely] [Ms. Morrow] acted "forcibly" if he [she] used force, attempted to use force, or threatened to use force against the officer. "Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. A person acts forcibly if he [she] threatens bodily harm upon another, with the present ability to inflict bodily harm. A threat to use force at some unspecified time in the future is not sufficient to establish that the Defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with the present ability to do so.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

To forcibly assault, resist, oppose, impede or interfere with a federal officer, the Defendant must use or attempt to use physical force against the officer, or threaten in some way to do bodily

---

Columbia, March 17, 2023) ("All of the acts - - assault, resist, oppose, impede, intimidate and interfere with - - are modified by the word 'forcibly.'") and at p. 28 instructions in *United States v. McAbee,* 2023 WL 6895550 (U.S. Dist. Ct., District of Columbia October 16, 2023) (defining "forcibly" as an element of Section 111), and p. 62 in *United States v. Nordean* 2023 WL 3271830 (U.S. Dist. Ct., District of Columbia April 26, 2023) (defining "forcibly" as an element of Section 111).

harm to the officer, when the ability to do so is apparent and immediate and a reasonable person would expect immediate and serious bodily harm or death.[43]

The terms "voluntary" and "intentional" mean that the Defendant [Mr. Stanley] [Ms. Morrow] was aware of his [her] actions, and did not act through ignorance, mistake, accident, or compulsion. In deciding whether the Defendant acted voluntarily and intentionally, you may consider all of the evidence, including what the Defendant did or said.

The term "performance of official duties" means that the officer must have been engaged in the performance of those duties for which he is a federal officer. I instruct you that an Enforcement and Removal Agent is a federal officer, and that it is part of the official duty of such an officer to apprehend persons illegally within the United States and to conduct a variety of federal investigations, which often necessitate travel in a government-issued vehicle.[44]

---

[43] *See* Federal Practice and Jury Instructions Criminal Companion Handbook at p. 28 citing *United States v. McAbee* ("You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one."); Pattern Jury Instructions, Criminal Cases for Eleventh Circuit Court of Appeals O1.1 p. 95 ("A 'forcible assault' is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death."); Fifth Circuit Pattern Jury Instructions, Criminal Cases, Instruction No. 2.07 (2024) (same). *See generally* 2 Fed. Jury Pract. & Instr. § 24:08 (6th ed).

[44] This instruction is taken *verbatim* from *United States v. Perea,* 818 F. Supp. 2d 1293, 1314 (D. New Mex. 2010). As detailed in *Perea*, the courts are in general agreement that whether a federal agent is engaged in the course of official duties is a question of fact whose determination will differ from case to case: "There is no bright-line test to define performance of official duties." 818 F. Supp. 2d at 1303 (citing cases). As noted by the Tenth Circuit "each case . . . requires a fact specific analysis, but no case will turn on any one factor." *United States v. Holder,* 256 F.3d 959, 965 (10th Cir. 2001). Courts seek to generally define the duties of the federal officer, *see, e.g.,* Pattern Jury Instructions: Fifth Circuit, Criminal Cases 2.07, but because this is a question of fact on an element of the crime, the duties so defined are general in nature.

**Unanimity Required as to Defendant's Act in Count 4**

I have previously instructed you that your Verdict is not a Verdict until all 12 jurors agree. Your verdict must be unanimous. You must be unanimous in agreeing on the act of the defendant which constitutes the violation of the law.[45] [46]

In this Count 4, the Government has charged [Mr. Stanley] [Ms. Morrow] with forcibly assaulting, or forcibly resisting, or forcibly opposing, or forcibly intimidating, or forcibly interfering with an officer of the United States who was then engaged in the performance of his official duties. In order to find [Mr. Stanley] [Ms. Morrow] guilty of this crime, you must be unanimous in finding one (or more) of these actions. That is, you must unanimously agree that there is proof beyond a reasonable doubt of a forcible assault, or unanimously agree that there is proof beyond a reasonable doubt of forcible resistance, or unanimously agree that there is proof beyond a reasonable doubt of forcible opposition, or unanimously agree that there is proof beyond a reasonable doubt of forcible intimidation, or unanimously agreed that there is proof beyond a reasonable doubt forcible interference.[47] [48]

---

[45] Defendant's Supporting Citation. Ruschky & Shealy, Pattern Jury Instruction for Federal Cases District of South Carolina, pp. 683 (2025 Online Edition).

[46] Government's Objection. The Defendant cites p. 683 of the Pattern Instructions, however, the actual Pattern Instruction on p. 683 reads as follows, and the United States has no objection to giving the instruction as written:

> Your verdict must be unanimous and represent the considered judgment of each juror. In order to return a verdict on any aspect of this case it is necessary that each juror agree to the verdict. [You must be unanimous in agreeing on the act of the defendant which constitutes the violation of law.]

[47] Defendant's Supporting Citation..Fed.R.Crim.P. Rule 31(a) requires that a verdict "must be unanimous," as does the Sixth Amendment. *See, e.g., Patton v. United States,* 281 U.S. 276, 288 (1930).

[48] Government's Objection. The United States objects to this portion of the Defendant's proposed instruction and requests the Court give the instruction as written in the pattern instructions. *See* Footnote 42 and p. 683 of the pattern instructions. The bracketed language in this instruction sufficiently instructs the jury that they must be unanimous in agreeing on the act (*ie* assault, impeded, etc.) alleged in the Bill of Information.

**Verdict Must Be Unanimous[49]**

Your verdict must be unanimous and represent the considered judgment of each juror. In order to return a verdict on any count in this case, it is necessary that each juror agree to the verdict.[50]

---

[49] <u>Government's Objection</u>. The United States objects to this instruction as duplicative of the introductory paragraph in on the previous page.

[50] <u>Defendant's Supporting Citation</u>. Fed.R.Crim.P. Rule 31(a) requires that a verdict "must be unanimous," as does the Sixth Amendment. *See, e.g., Patton v. United States,* 281 U.S. 276, 288 (1930).

**Spoliation of Evidence**

If you find that the Government destroyed or failed to preserve evidence at a time when the Government knew it would be relevant to an issue in this case, and knew at the time it did so that there was a potential for prosecution, then you *may*, but are not required to, infer that the evidence would have been unfavorable to Government.[51] [52]

---

[51] Defendant's Supporting Citation. This is based on the Spoliation Instruction from Pattern Criminal Jury Instructions for the District Courts of the First Circuit 2.13 (Updated February 6, 2024).   A party's failure to produce evidence may, of course, be explained satisfactorily. When a proponent cannot produce original evidence of a fact because of loss or destruction of evidence, the court may permit proof by secondary evidence. *See, e.g.,* Fed.R.Evid. 1004(1). But when a proponent's intentional conduct contributes to the loss or destruction of evidence, the trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct. *See* Welsh v. United States, 844 F.2d 1239, 1246 (6th Cir.1988); *Nation–Wide Check Corp. v. Forest Hills Dist., Inc.,* 692 F.2d 214, 218 (1st Cir.1982). Even if a court determines not to exclude secondary evidence, it may still permit the jury to draw unfavorable inferences against the party responsible for the loss or destruction of the original evidence. An adverse inference about a party's consciousness of the weakness of his case, however, cannot be drawn merely from his negligent loss or destruction of evidence; the inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction. *See* id. at 217–18.   *Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148 (4th Cir, 1995)

[52] Government's Objection. The Government objects to this instruction, subject to the Court's ruling on the pending motions.  The Government will supplement its objection depending on the Court's ruling.  It does note that "[i]n the criminal context, the First Circuit has stated that the spoliation instruction 'usually makes sense only where the evidence permits a finding of bad faith destruction; ordinarily, *negligent* destruction would not support the logical inference that the evidence was favorable to the defendant.'" *United States Laurent*, 607 F.3d 895, 902 (1st Cir. 2010) (emphasis in original); Pattern Criminal Jury Instructions for the District Courts of the First Circuit 2.13 (Updated February 6, 2024).

**Outrageous Government Conduct[53]**

Evidence has been presented concerning the conduct of law enforcement agents of the Federal government. If the conduct of law enforcement agents is so outrageous that it shocks your conscience, then due process bars the Government from invoking judicial process to obtain a conviction. Such circumstances are rare.[54]

---

[53] Government's Objection. The Government objects to this instruction. The remedy for outrageous government conduct may be dismissal of an indictment or reversal of a conviction. But, outrageous government conduct is not a defense for the jury to consider, and therefore it would be inappropriate to instruct as such. *United States v. Haile*, 65 F.3d 1211, 1221-22 (11th Cir. 2012); *United States v. Porter*, 764 F.2d 1, 14 (1st Cir. 1985); *United States v. Johnson*, 565 F.2d 179 (1st Cir. 1977) (Under any view, it is the court's province to decide whether defendant's case was such that, if believed, it would fall into the exceptional category mentioned by Justice Powell. If such a determination were left to a jury's unguided discretion, as under the instruction proposed here, the entrapment defense as now understood would be transformed into an invitation to twelve jurors to consider in virtually any case whether defendant was treated "fairly".)

[54] Defendant's Supporting Citation. "Cases may exist where the conduct of law enforcers is so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction, but they are rare indeed." *United States v. Daniel*, 3 F.3d 775, 779 (4th Cir. 1993) (citing *United States v. Russell*, 411 U.S. 423, 431-32 (1973)). In order to constitute a due process violation, the government's conduct must be so outrageous as to shock the conscience of the court. *United States v. Osborne*, 935 F.2d 32, 36 (4th Cir. 1991). *See also United States v. Dyess*, 478 F.3d 224, 234 (4th Cir. 2007); *United States v. Jones*, 18 F.3d 1145, 1154 (4th Cir. 1994).

## Presumption of Innocence[55]

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless or until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.[56]

The law presumes the Defendant [Mr. Stanley] [Ms. Morrow] defendant to be innocent, and the presumption of innocence alone is sufficient to acquit [Mr. Stanley] [Ms. Morrow], unless the jury is unanimously satisfied beyond a reasonable doubt of guilt after a careful and impartial consideration of the evidence introduced at trial.

A defendant has no obligation to establish [his] [her] innocence. The burden is always upon the United States to prove guilt beyond a reasonable doubt, and this burden never shifts to the defendant. If you, after careful and impartial consideration of all the evidence, have a reasonable doubt that a defendant was guilty of the charge under consideration, you must find that defendant not guilty of that charge.

If, on the other hand, you jury find that the evidence is sufficient to overcome the presumption of innocence and to convince you beyond a reasonable doubt of the guilt of that defendant of the charge, you must find the defendant guilty of that charge.[57]

---

[55] <u>Government's Objection</u>. The Court has a presumption of innocence instruction in its standard instructions, and the government submits the Court should use its standard instruction.

[56] <u>Defendant's Supporting Citation</u>. <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u> 3.02 at p. 65 (Updated February 6, 2024).

[57] <u>Defendant's Supporting Citation</u>. *See United States v. Porter*, 821 F.2d 968, 973 (4th Cir. 1987); Ruschky & Shealy, <u>Pattern Jury Instruction for Federal Cases District of South Carolina</u>, pp. 4-5 (2025 Online Edition).

**Duty to Follow Instructions/Defendant Not Testify (If Appropriate)**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against [Mr. Stanley] [Ms. Morrow] or the United States.

You must follow the law as I explain it - - even if you do not agree with the law - - and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.[58]

The formal charge against a Defendant is not evidence of guilt. The law presumes the Defendant is innocent. The Defendant does not have to prove [his] or [her] innocence or produce any evidence at all. A Defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The United States must prove guilt beyond a reasonable doubt and if it fails to do so, you must find the Defendant not guilty.[59] [60]

---

[58] Government's Objection. The Court has standard instructions on these topics and the government submits that the Court should use its standard instruction.

[59] Defendant's Supporting Citation. *See* Pattern Jury Instructions, Criminal Cases for Eleventh Circuit Court of Appeals B2.2 at p. 26 (citing authorities); Fifth Circuit Pattern Jury Instructions, Criminal Cases, Instruction No. 1.05 (2024).

[60] Government's Objection. The Court has a "defendant not compelled to testify" instruction in its standard instructions, and the government submits the Court should use its standard instruction. Further, the Court will instruct the jury that the Defendants are presumed innocent in the first jointly proposed instruction.

<h1 style="text-align:center">Reasonable Doubt[61]</h1>

The United States has the burden of proving the Defendant [Mr. Stanley] [Ms. Morrow] guilty beyond a reasonable doubt, and if it fails to do so, you must acquit [him] [her].  While the burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilty be proved beyond all possible doubt.  It is only required that the proof presented by the United States excludes any "reasonable doubt" concerning guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all of the evidence.  Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act on it without hesitation in making the most important decisions of your own affairs.[62]

---

[61] Government's Objection. Government's Objection.  The Court has a standard reasonable doubt instruction, and the Government submits that the Court should use its standard instruction.

[62] Defendant's Supporting Citation. Both the Fifth and Eleventh Circuits describe the Government's burden as "heavy" and the Fifth Circuit also uses the adjective "strict."  Fifth Circuit Pattern Jury Instructions, Criminal Cases, Instruction No. 1.05 (2024); Pattern Jury Instructions, Criminal Cases for Eleventh Circuit Court of Appeals B3 at p. 28.  Both Circuits use "reason and common sense" to describe "reasonable doubt" as a "real doubt."  Id.  Both Circuits further use the instruction that proof beyond a reasonable doubt is proof "that you would be willing to rely on and act on it without hesitation in the most important of your own affairs."  Id.  The First Circuit, while not promulgating a Pattern Instruction on reasonable doubt, has approved an instruction which includes:

> It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt.  It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

> A reasonable doubt may arise not only from evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Pattern Criminal Jury Instructions for the District Courts of the First Circuit 3.02 n.5 at p. 67 (Updated February 6, 2024).

**Deliberate on Each Defendant Separately**

Each count of the Bill of Information charges a separate crime against each Defendant. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find one Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.[63]

I caution you that each Defendant is on trial only for the specific crimes charged in the Bill of Information. You are here to determine from the evidence in this case and beyond a reasonable doubt whether each Defendant is guilty or not guilty of those specific crimes.[64] [65]

---

[63] Government's Objection. The Government has proffered an alternative instruction and objects to this instruction in its entirety.

[64] Defendant's Supporting Citation. These paragraphs are taken from Pattern Jury Instructions, Criminal Cases for Eleventh Circuit Court of Appeals B10.4 at p. 52, with the exception of the addition of "beyond a reasonable doubt" in the second paragraph. The Fifth Circuit has a similar instruction combined into a single paragraph. Fifth Circuit Pattern Jury Instructions, Criminal Cases, Instruction No. 1. (2024).

[65] Government's Objection. The Court has a standard instruction on this topic, and the Government submits the Court should use its standard instruction. The Government has also proffered an alternative instruction.